UNITED STATES, Appellee

v

CLARK J. C. DANLEY, Jr., Specialist Four, U. S. Army, Appellant

21 USCMA 486, 45 CMR 260

*Captain David D. Knoll* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Lieutenant Colonel Joseph E. Donahue,* and *Captain Libero Marinelli, Jr.*

*Captain Nicholas Yonclas* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain David E. Wilson, Captain Glenn R. Bonard,* and *Captain Richard L. Menson.*

## Opinion of the Court

DARDEN, Chief Judge:

Convicted by general court-martial, the accused is before us on petition, contending that the evidence is insufficient to support findings of guilty of fraudulent enlistment and larceny of the variable reenlistment bonus which he consequently obtained.

Specialist Danley initially enlisted in the Army on April 18, 1967, for a term of three years. While serving in Vietnam, he reenlisted on April 7, 1968, also for a term of three years. On the same date, he was paid a variable reenlistment bonus, accruing only to those soldiers who were reenlisting for the first time.

On April 5, 1969, Danley, then stationed at Fort Lewis, Washington, once more reenlisted in the Army. On this occasion, he contracted for a service obligation of four years and concealed that he had previously reenlisted. As a result, he was again treated as a first reenlistee and was paid another variable reenlistment bonus. This additional sum was received by him in two installments, the first a normal annual payment and the second consisting of the balance due. The latter, under pertinent regulations, could be paid only on Danley's application and the approval of higher headquarters. He initiated that request and, on approval, received the funds involved.

The first issue before us involves the sufficiency of the evidence to establish that Danley's last reenlistment was fraudulent, in that he concealed his prior reenlistment. The answer depends upon whether the concealed fact would have operated as a bar to his entry upon a new term of service, as the offense requires either:

". . . [A] knowingly false representation in regard to any of the qualifications or disqualifications prescribed by law, regulation, or orders for the specific enlistment, appointment, or separation, or a deliberate concealment in regard to any of those disqualifications." [Manual for Courts-Martial. United States, 1969 (Revised edition), paragraph 162; United States v Loyd, 7 CMR 453 (NBR 1953); United States v Stevens, 7 CMR 838 (AFBR 1953).]

Accused's reenlistment contract notes as authority for its execution "Table 6–3 AR 601–280" and that the accused was to continue his present duty assignment with subsequent reassignment to a medical unit. He declared in his testimony that he reenlisted in order to satisfy the service requirements for attendance at a service school, which necessitated two years remaining in his enlistment after completion of the course.

Our attention has been called to the provisions of Army Regulation 635–200, which, the Government contends, barred accused's second reenlistment,

in that it permitted his discharge before expiration of his ordinary term of service only if he was serving on his first enlistment. In view of this provision, the Government argues that concealment by the accused of his earlier reenlistment was a material fact which, if revealed, would have led the recruiting officer to refuse again to enlist him in the service.

Accused was not charged with fraudulently obtaining a "short discharge," but with fraudulent enlistment. The specification alleges that he procured himself to be "enlisted as a Specialist Four, E4, in the United States Army" by "deliberate concealment of the fact that he did reenlist on 6 April 1968." And the regulations on which the Government relies do not have the preclusive effect its asserts.

As noted in his enlistment contract, accused's reenlistment was authorized, under Army Regulation 601–280, for the continuation of his present duty assignment and subsequent tranfer to a medical organization. His stated purpose for extending the term of his enlistment was qualification for attendance at a medical service school course. Army Regulation 635–200, paragraph 5–10a, provides:

> "a. Discharge is authorized for Regular Army personnel, other than personnel on initial enlistement, to permit their reenlistment for a term of 3 or more years provided they apply for and are qualified for reenlistment. . . . Discharge may be accomplished—
>
> .    .    .    .    .
>
> "(2) For the purpose of—
> "(a) Meeting length-of-service requirement for attendance at service schools. . . ."

The same regulation also states, as the Government argues, that discharge is authorized for those persons otherwise qualified who desire to reenlist and are serving on their first enlistment. (Id., paragraph 5–10b(1).) Construed as a whole, the regulation obviously does not limit all "short discharges" to those serving on first enlistments, but

permits many exceptions, one of which precisely fits the purpose for which this accused sought to reenlist. In short, accused's prior reenlistment seems, under the applicable directives, not to be a bar to his later undertaking of a new service obligation and it was not, in the words of Article 83, "deliberate concealment as to his *qualifications for that enlistment.*" (Emphasis supplied.) (Article 83, Uniform Code of Military Justice, 10 USC § 883.)

The evidence is insufficient to support the findings of guilty of fraudulent enlistment, and they must be set aside.

Turning to the charges of larceny, we are satisfied that the proof permitted the fact finder to conclude that the accused deliberately concealed his prior reenlistment and, by that false representation, obtained the variable reenlistment bonus to which he would not otherwise have been entitled.

Relying on United States v LaRue, 11 USCMA 470, 29 CMR 286 (1960), accused contends that his conviction on the larceny counts depended in part on the fraud involved in the enlistment charge and concludes that the charges must stand or fall together.

*LaRue,* supra, involved a situation different from that depicted in this record. There, the accused fraudulently enlisted in the armed services on several occasions, receiving an enlistment bonus each time. The issue presented to this Court involved the admissibility of certain letters from the Adjutant General which contained a considerable amount of hearsay regarding uncharged misconduct as well as the offenses of which accused was ultimately convicted. In considering the effect of those letters, this Court pointed out that the offenses of fraudulent enlistment and larceny in that case "largely stand or fall together." United States v LaRue, supra, at page 475. The situation now before us is different.

Danley deliberately concealed his prior reenlistment in the Army. His conviction of fraudulent enlistment falls not because of this fact, but be-

cause the concealment did not disqualify him for reenlistment. Nevertheless, the concealment amounted to a false pretense that enabled him to obtain a variable reenlistment bonus to which he would not have otherwise been entitled. Unlike *LaRue*, supra, his conviction of larceny did not depend on the validity of the charge of fraudulent enlistment. We find the evidence sufficient to support these findings of guilty.

The decision of the Court of Military Review is reversed. The findings of guilty of the Charge and its specification are set aside, and the Charge is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the remaining findings of guilty.

Judges QUINN and DUNCAN concur.