**UNITED STATES, Appellee,**

v.

**William K. CARTER, Senior Airman, U.S. Air Force, Appellant.**

No. 52921.

ACM 24573.

U.S. Court of Military Appeals.

July 20, 1987.

For Appellant: *Captain Deborah J. Hudspeth* (argued); *Colonel Leo L. Sergi* (on brief); *Major Conrad C. Baldwin, Jr.*

For Appellee: *Major Joseph S. Kistler* (argued); *Colonel Kenneth R. Rengert* (on brief); *Major Robert E. Ferencik, Jr.*

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted of larceny and forgery, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923, respectively. He was sentenced to dishonorable discharge, confinement for 2 years, forfeiture of $397 pay per month for 2 years, and reduction to the grade of E-1. The convening authority approved the sentence and the Court of Military Review affirmed. We granted review to consider the sufficiency of the evidence to sustain the convictions in question. 21 M.J. 387.

The specification of the Charge under Article 123 alleged:

In that SENIOR AIRMAN WILLIAM KENNETH CARTER, United States Air Force, 532nd Strategic Missile Squadron, did, in the State of Kansas, on or about 2 November 1982, with intent to defraud, falsely make a certain writing and signature of Lieutenant Colonel Daniel P. Farley to Section IV of Air Force Form 901, "Reenlistment Eligibility Annex to DD Form 4", in the following words and figures, to wit: 2 NOV 82 LT COL FARLEY Lt Farley [sic], which writing and signature would, if genuine, apparently operate to the legal prejudice of another and which was used to the legal prejudice of the United States Air Force, by creating an obligation to pay to the said SENIOR AIRMAN WILLIAM KENNETH CARTER a Selective Reenlistment Bonus and pay and allowances for a period of six years.

The specification of the Additional Charge under Article 121 alleged:

In that Senior Airman William K. Carter, United States Air Force, 532nd Strategic Missile Squadron, did, at McConnell Air Force Base, Kansas, on or about 2 November 1982, steal a Special Reenlistment Bonus (SRB), of a value of $4861.72, United States currency, the property of the United States Government.

The Government's theory of the case at trial was based on a scheme it alleges appellant concocted which called for him to forge or cause to be forged the Air Force Form 901, Reenlistment Eligibility Annex to his reenlistment papers. The Government contended that appellant forged the signature to secure reenlistment and the substantial bonus accompanying such action. Expert witnesses appearing for the Government opined that the signature on the form was not actually that of appellant's commanding officer; however, they were "95 percent" certain that the signature had been written by appellant. It was further established that appellant's commanding officer would not have approved his reenlistment and that the forgery was a material means by which he could achieve reenlistment and, as a result thereof, receive a substantial bonus. Subsequently, appellant lost his security clearances and requested release from active duty, using his state of mental health as the basis for his action. If discharged under such conditions, the requirement to repay the reenlistment bonus would have been nullified.

Using this scenario as a basis for its position, the Government contends appellant properly could have been found guilty of forging the form and of larceny of the bonus.

■ We review the sufficiency of evidence to support a conviction solely to decide if it can legally sustain findings of guilty entered by a court-martial and affirmed by a Court of Military Review. *United States v. Harper*, 22 M.J. 157, 161 (C.M.A. 1986). We conclude that the evidence presented here is legally sufficient to support the forgery conviction under Article 123.

■ The elements of forgery required the Government to prove that appellant falsely made his commanding officer's signature on the form; that the signature "would if genuine, apparently impose a legal liability" upon the Government or require it to change its position in reliance on the signature; and that the signature was made with the intent to defraud the

282

Government. Art. 123. We are convinced that there is competent evidence to prove each of these elements.

Forging a signature to gain authorization to reenlist in the armed forces does impose a legal liability on the Government. If such an act is carried out with the intent to be reenlisted knowing that the reenlistment could not otherwise be achieved, with or without a bonus, then that alone provides sufficient evidence to prove an intent to defraud.

■ The Government's theory in support of the larceny conviction is predicated on the wrongful taking of a reenlistment bonus in an amount over $4,000.00, with the intent to permanently deprive the Government thereof, in violation of Article 121. However, under the facts of this case, the larceny conviction cannot be sustained. In order for such a conviction to stand, there must be proof that a "wrongful taking" has occurred, and although the Government contends that the larceny occurred when the reenlistment bonus was obtained under false pretenses, the evidence of record does not sufficiently support such an assumption. While the proximate cause of the "taking" of the bonus was the forgery, there is nevertheless insufficient proof to show that it was taken under false pretenses. If appellant, at the *time of the taking*, did intend to fulfill his enlistment obligation, perform his duties, and honor his end of the contract, then his acceptance of the money was not under false pretenses. Indeed, the Air Force apparently elected to treat the enlistment contract as binding and enforced it, for without a *de jure* or *de facto* enlistment, jurisdiction to try appellant is called into question. *See* Art. 2(c), UCMJ, 10 U.S.C. § 802(c); *United States v. King*, 11 U.S.C.M.A. 19, 28 C.M.R. 243 (1959).

We do not intend to imply that there will never exist a case with circumstances that demonstrate the requisite intent to steal a reenlistment bonus and, thus, permit the Government to prosecute. We merely hold that, in this case, the Government has failed to present sufficient evidence to support such a finding as a matter of law and, therefore, we conclude that the findings of guilty of larceny must be set aside.

■ Regarding the question of prejudice in the imposition of sentence, we note that both offenses were treated as multiplicious for sentencing. Consequently, we must hold that this appellant has not been prejudiced as to sentence by his erroneous conviction of larceny.

The decision of the United States Air Force Court of Military Review is reversed as to the Additional Charge and its specification; the findings of guilty thereon are set aside; and the Additional Charge and its specification are dismissed. In all other respects, the decision below is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in part and dissenting in part):

I join in affirming the findings of guilty as to the forgery offense and the sentence. However, I disagree with my Brothers concerning the larceny offense. There was evidence that appellant earlier expressed a strong intent not to reenlist, that he unexpectedly reenlisted, and that shortly thereafter he requested release on a nonrecoupable basis. This evidence, coupled with evidence of his forgery, is sufficient to show an intent to steal at the time the bonus was received. *See generally* paras. 200*a* (5) and (6), Manual for Courts-Martial, United States, 1969 (Revised edition).