UNITED STATES

v.

**Shannon R. WALSH, 084 58 3647
Operations Specialist Seaman
(E–3), U.S. Navy.**

**NMCM 92 0302.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 23 Aug. 1991.

Decided 10 Nov. 1992.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

CDR Jerry D. Massie, JAGC, USNR, Appellate Defense Counsel.

Capt A. Diaz, USMC, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Senior Judge:

Consistent with his pleas, the appellant was convicted at a special court-martial of using marijuana on two separate occasions, using LSD on a third occasion, and possessing "five dime bags" of marijuana on one of the occasions he used marijuana, and possessing "two dime bags" of the original five the next day, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The second possession offense was apparently charged separately because the earlier possession had occurred when the appellant had used some of the marijuana off-base and the second offense occurred when the appellant brought his remaining supply on the naval base where his ship was berthed. The military judge, sitting alone, sentenced the appellant to 2 months' confinement, forfeiture of $502.00 pay per month for 2 months, reduction to pay grade E–1, and a bad-conduct discharge. Pursuant to the terms of a pretrial agreement, the convening authority approved the sentence as adjudged but suspended all confinement in excess of 45 days.

We have examined the record of trial, the assignments of error,[1] and the Govern-

1. I. THE STAFF JUDGE ADVOCATE HAS NOT PROVIDED, AND THE CONVENING AUTHORITY HAS NOT CONSIDERED, THE MULTIPLICITY FOR SENTENCING BETWEEN SPECIFICATIONS 7, 8 AND 9 OF THE CHARGE, WHICH CONSTITUTES PLAIN ERROR, DISREGARDING THE MINIMAL INFORMATION THAT THE CONGRESS, THE PRESIDENT AND THE SECRETARY OF THE NAVY REQUIRED FOR AN INFORMED CLEMENCY DETERMINATION ON APPELLANT'S CASE. AS A CLEMENCY

ment's response, and we have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the appellant was committed.

■ As to the appellant's first assignment of error, in applying Rule for Courts–Martial (R.C.M.) 1106(d)(3), the U.S. Court of Military Appeals has recently stated that information concerning a military judge's ruling that offenses are multiplicious for sentencing "should be included in a staff judge advocate's post-trial recommendation." *United States v. Beaudin*, 35 M.J. 385, 387 (C.M.A.1992). Unlike *Beaudin*, however, the trial defense counsel in the case before us did not submit any comments or other matters concerning the post-trial recommendation. Consequently, the failure to comment waives the issue in the absence of plain error. R.C.M. 1106(f)(6).

■ In *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991), we suggested several factors to be considered in attempting to determine whether an error in a staff judge advocate's post-trial recommendation constituted "plain error." Those factors were: "(1) whether the error is an omission or is an affirmative misstatement; (2) whether the matter is material and substantial; and (3) whether there is a reasonable likelihood the convening authority was

misled by the error." *Id.* at 1038. As we have already indicated, the error here was the omission of information, not an affirmative misstatement. The nature of the omission raises, first, the question whether the maximum punishment that results from considering each offense separately punishable is materially and substantially different from that which results from the military judge's ruling and, second, whether it is reasonably likely the convening authority was misled as to the maximum punishment.

The military judge here ruled that one of the marijuana use offenses and the two possession offenses were multiplicious for sentence. The maximum punishment for the use of LSD is 5 years' confinement. Manual for Courts–Martial, United States, 1984, (MCM), Part IV, ¶ 37e(1)(a). The maximum punishment for the use of marijuana is 2 years' confinement. MCM, Part IV, ¶ 37e(1)(b). Consequently, before we even reach the question of what practical difference resulted from the military judge's ruling concerning the three offenses he found multiplicious for sentence, the maximum punishment is already far in excess of the jurisdictional maximum of the special court-martial. In light of that jurisdictional maximum, we conclude that the failure of the staff judge advocate to mention the military judge's sentence multiplic-

MATTER, NOT LEGAL ERROR, THIS COURT MAY NOT SUBSTITUTE ITS JUDGEMENT FOR THAT OF THE CONVENING AUTHORITY. *COMPARE* STAFF JUDGE ADVOCATE'S RECOMMENDATION; CONVENING AUTHORITY'S ACTION *WITH* RECORD AT 28, 36; R.C.M. 1106(d)(3)(A); JAGMAN § 0151c; *United States v. Hill*, 27 M.J. 293, 296 (C.M.A.1988); *United States v. Clear*, 34 M.J. 129 (C.M.A.1992); *United States v. McLemore*, 30 M.J. 605 (N.M.C.M.R.1990); *United States v. DeGrocco*, 23 M.J. 146, 148, n. 4 (C.M.A.1987); *United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Spurlin*, 33 M.J. 443 (C.M.A.1991); *United States v. Craig*, 28 M.J. 321 (C.M.A.1989); *United States v. DePew*, 35 M.J. 235 (C.M.A.1992) [Order]. [Footnotes omitted.]

II. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS

CLAUSE. *But see United States v. Graf*, 32 M.J. 809 (N.M.C.M.R.1990), *petition granted*, 34 M.J. 169 (C.M.A.1991). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A KNOWING WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. [Footnote omitted.]

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See generally* U.S. Const. art. II, § 2, cl. 2; *Freytag v. Commissioner of Internal Revenue*, —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991); *but see United States v. Coffman*, 35 M.J. 591, (1992). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. [Footnote omitted.]

ity ruling was neither material nor substantial since it had no effect whatsoever on the maximum punishment that could have been adjudged.

Likewise, we conclude that the omission could not have misled the convening authority in this case, who undoubtedly knew the limited maximum punishment a special court-martial could award and who had concluded a pretrial agreement that significantly reduced the impact of that punishment even if the jurisdictional maximum had been awarded. Therefore, the failure to mention the military judge's sentence multiplicity ruling in this case does not constitute plain error.

The appellant's second and third assignments of error are also without merit. *See United States v. Graf*, 32 M.J. 809 (N.M.C.M.R.1990), *aff'd*, 35 M.J. 450 (C.M.A.1992); *United States v. Coffman*, 35 M.J. 591 (N.M.C.M.R.1992) (per curiam).

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.