# UNITED STATES

### v.

**Erica L. DODSON, 438 75 1860, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 92 01883.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 April 1992.

Decided 26 May 1994.

---

LT Franklin J. Foil, JAGC, USNR, Appellate Defense Counsel.

Capt Michael K. Lambert, USMCR, Appellate Government Counsel.

Capt A. Diaz, USMC, Appellate Government Counsel.

Before REED and ORR, Senior Judges, and BARNES, J.

PER CURIAM:

In accordance with her pleas, the appellant was convicted at a general court-martial of fraudulent enlistment, disrespect toward a superior commissioned officer, larceny of $10,732.00, property of the U.S. government, knowingly uttering a check without sufficient funds, impersonating a noncommissioned officer, and twice uttering worthless checks by dishonorably failing to maintain sufficient funds in violation, respectively, of Articles 83, 89, 121, 123a, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 889, 921, 923a, and 934. Officer members sentenced the appellant to confinement for 2 years, reduction to pay grade E–1, forfeiture of all pay and allowances, and a dishonorable discharge.

The appellant's convictions for fraudulent enlistment, larceny of government property, and impersonating a noncommissioned officer were the result of her obtaining a reenlistment with the U.S. Marine Corps after altering her discharge certificate (hereinafter DD 214). The appellant initially enlisted in the Marine Corps on 1 March 1988 and was administratively discharged as a private, pay grade E–1, on 21 August 1989. The appellant's discharge was characterized as a general discharge under honorable conditions, and she was given a reenlistment code of RE–4 (not recommended for reenlistment). Record at 33; Prosecution Ex. 1, 2. After experiencing marital and financial troubles, the appellant decided to return to the Marine Corps and altered her DD 214 to indicate: (a) that she had previously served from 1 March 1986 until 24 December 1990; (b) that she was discharged at the rank of sergeant, pay grade E–5; (c) that her character of service was honorable; and, (d) that she had a reenlistment code of RE–1A (recommended for reenlistment). Record at 33, 34; Prosecution Ex. 3. The appellant presented the altered DD 214 to her recruiter and was able to procure a reenlistment as a sergeant, pay grade E–5. The appellant was then ordered to report to Marine Aviation Logistics

Squadron 26 and was later transferred to the Personnel Support Detachment, both of which were located at the Marine Corps Air Station, New River, Jacksonville, North Carolina.

In her first assignment of error,[1] the appellant contends that she could not be found guilty of larceny when her receipt of military pay and allowances was not wrongful. Manual for Courts–Martial (MCM), United States, 1984, ¶ 46b(1)(a). The appellant argues that since she performed the duties of a sergeant that she was entitled to the pay and allowances of a person serving in the E–5 pay grade. Recently, in *United States v. Antonelli*, 35 M.J. 122 (C.M.A.1992), the U.S. Court of Military Appeals stated that in cases of receipt of military allowances resulting in conviction under Article 121, UCMJ, the duty of the reviewing court "is to determine whether an accused's conduct as charged and proved could have been punished under any of the three predicate crimes encompassed by Article 121." *Id*, at 126. The three predicate crimes are larceny, embezzlement, and false pretenses.

The government's theory for the charge under Article 121 was that the appellant obtained the pay and allowances merited a sergeant under false pretenses when she presented the altered DD 214 to her recruiter. The amount of the larceny was the entire sum of the pay and allowances received by the appellant following her reenlistment. The appellant's conviction for larceny can only be sustained if the alteration of her DD 214 "amounted to a false pretense that enabled [her] to obtain" military pay and allowances "to which [s]he would not have otherwise been entitled." *United States v. Danley*, 21 C.M.A. 486, 45 C.M.R. 260, 263, 1972 WL 14170 (1972); *see also Antonelli; United States v. Bolden*, 28 M.J. 127 (C.M.A.1989); *United States v. Bulger*, 36 M.J. 1031 (N.M.C.M.R.), *petition granted*, 38 M.J. 448 (C.M.A.1993) (convictions under Article 121 of military allowances may lie where servicemember was not entitled to such allowances under regulation).

We agree with the appellant that her conviction for fraudulent enlistment does not by itself deny her entitlement to receive military pay and allowances. *United States v. Carter*, 24 M.J. 280 (C.M.A.1987). In *Carter*, the Court of Military Appeals overturned a conviction for larceny where the accused obtained a reenlistment, entitling him to a bonus, by forging his commanding officer's signature on the Reenlistment Eligibility Annex portion of his reenlistment papers. The Court found that although the "proximate cause of the 'taking' of the bonus was obtained under false pretenses," that "[i]f the appellant at the *time of the taking*, did intend to fulfill his enlistment obligation, perform his duties, and honor his end of the contract, then his acceptance of the money was not under false pretenses."

The appellant's situation is distinguishable from that in *Carter*, however, since the appellant was not otherwise entitled to the pay and allowances due a sergeant merely by performing her duties. The attainment of rank by service-members is predicated upon factors such as time in service, experience, training, and accomplishment rather than acceptance of a particular duty station. Although service-members are ordinarily assigned to billets that are commensurate with their rank and training, they are not entitled to additional pay and allowances merely because they assume a billet usually assigned to personnel of superior rank. We are unaware of any rule of law or regulation that would have prohibited the appellant from being assigned to the same duty stations had she been reenlisted at the rank of private, pay grade E–1. Had such been the case, the appellant would still have been required to perform the duties assigned to her at Marine Corps Air Station to the best of her abilities. See Articles 92 and 115, UCMJ, 10 U.S.C. §§ 892, 915.

Thus we conclude that although the appellant was rightfully entitled to receive some pay and allowances for performing military duties, she was not entitled to the pay and

---

1. I. APPELLANT'S PLEA TO CHARGE II WAS IMPROVIDENT, SINCE THE EVIDENCE FAILED TO SHOW BEYOND A REASONABLE DOUBT THAT APPELLANT WRONGFULLY TOOK MONEY FROM THE GOVERNMENT.

allowances due a sergeant. We also conclude that she wrongfully obtained this inflated rate of pay and allowances through false pretenses when she presented the altered DD 214 to her recruiter indicating that she had been discharged from her prior enlistment at the rank of sergeant, pay grade E-5. The amount of the larceny was the difference in the amount of pay and allowances that the appellant received during the period alleged and what she would have received had she reenlisted at the rank she had earned in her previous enlistment and was otherwise entitled to, private, pay grade E-1.

Accordingly, the finding of guilty to Charge III and it's specification is affirmed with the exception of the figure "$10,732.00", and substituting therefor the term and figure "currency in excess of $100.00". Our modification of the findings does not entitle the appellant to relief in this instance since the military judge found the larceny to be multiplicious for sentencing purposes with the offenses of fraudulent enlistment and impersonating a noncommissioned officer, and he instructed the members accordingly. Record at 77, 135-136. *United States v. McMillian*, 33 M.J. 257 (C.M.A.1991); *Carter*, 24 M.J. at 282 (erroneous conviction for larceny did not prejudice accused's sentence where it was treated as multiplicious with fraudulent enlistment for sentencing purposes).

The appellant's fifth assignment of error [2] is without merit since the offenses of fraudulent enlistment, larceny, and impersonating a noncommissioned officer do not stand in relation of greater and lesser included offenses. *See United States v. Teters*, 37 M.J. 370 (C.M.A.1993).

 The appellant's third, fourth, and sixth assignments of error [3] address inadequacies of the staff judge advocate's recom-

mendation and subsequent action taken by the convening authority. Initially, we agree with the appellant that the staff judge advocate's failure to respond to legal issues raised in the appellant's post-trial submission to the convening authority was error. *United States v. Hill*, 27 M.J. 293 (C.M.A.1988); Rules for Courts–Martial (R.C.M.) 1106(d). Under the circumstances in this case, however, we find that the staff judge advocate's failure to respond was harmless. Article 59(a), UCMJ, 10 U.S.C. § 859; *Id.*

In her clemency petition to the convening authority, the appellant asserted that the trial counsel elicited impermissible opinion testimony from two government witnesses during the presentencing portion of the trial. Trial defense counsel objected to the testimony of the first witness, and the military judge sustained the objection. Record at 108. Counsel did not object to the testimony of the second government witness, and any objection was subsequently waived. *United States v. Brannan*, 18 M.J. 181 (C.M.A.1984); Mil.R.Evid. 103(a)(1). The allegations of error raised in the clemency petition were clearly without merit and would not have resulted in subsequent action favorable to the appellant. *Hill*, 27 M.J. at 297.

Additionally, we find that the convening authority's action is ambiguous as to the amount of forfeitures suspended. Although the terms of the pretrial agreement did not require the convening authority to suspend a specific amount of forfeitures, if the appellant established a dependent allotment on behalf of her daughter, the convening authority was required to suspend forfeitures in the amount of the dependent allotment. In his action, the convening authority approved the sentence as adjudged, but suspended forfei-

**2.** V. CHARGES I, II, AND III WERE MULTIPLICIOUS FOR FINDINGS SINCE THEY ALL AROSE FROM THE FRAUDULENT ENLISTMENT. (CITATION OMITTED.)

**3.** III. THE STAFF JUDGE ADVOCATE FAILED TO RESPOND TO TRIAL DEFENSE COUNSEL'S ALLEGATIONS OF ERROR. (CITATION OMITTED.)

IV. THE CONVENING AUTHORITY'S ACTION WAS AMBIGUOUS SINCE IT WAS NOT CLEAR WHETHER $1321.80 OF THE FORFEI-

TURES WAS SUSPENDED PER MONTH OR FOR ONLY ONE MONTH. (CITATION OMITTED.)

VI. THE CONVENING AUTHORITY TOOK ACTION ON ERRONEOUS INFORMATION BECAUSE THE STAFF JUDGE ADVOCATE'S RECOMMENDATION FAILED TO INDICATE THAT THE MEMBERS CONSIDERED CHARGES I, II, AND III TO BE MULTIPLICIOUS FOR SENTENCING WITH EACH OTHER. (CITATIONS OMITTED.)

tures in the amount of $1,321.80 for 2 years from the date the sentence was adjudged. Because voluntary support allotments are established on a monthly basis and may be revoked by the service-member at any time, we believe this figure represents the amount of the monthly allotment the appellant established on behalf of her daughter. There is no indication that the appellant ever stopped payment of the allotment or was otherwise not entitled to the benefits of the pretrial agreement. We will correct this ambiguity in the appellant's favor in the decretal paragraph.

 We also find that the staff judge advocate's failure to mention the military judge's multiplicity ruling in his post-trial recommendation to the convening authority was harmless error. Given the seriousness of the offenses to which the appellant was convicted and the fact that the convening authority was not mislead as to the maximum authorized punishment the members could have awarded, the error was harmless. *See United States v. Beaudin,* 35 M.J. 385 (C.M.A.1992). Consequently, the error was waived when trial defense counsel failed to raise the issue as part of the post-trial submission to the convening authority. *United States v. Walsh,* 36 M.J. 666 (N.M.C.M.R. 1992).

 The appellant's remaining assignments of error [4] are without merit. *Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). We specifically find 2 years' confinement to be appropriate under the circumstances of this case. Accordingly, the findings of guilty as modified above and only so much of the sentence as provides for confinement for 2 years, reduction to E–1, and a dishonorable discharge is affirmed.

---

[4.] II. A SENTENCE WHICH INCLUDES TWO YEARS CONFINEMENT IS INAPPROPRIATELY SEVERE UNDER THE CIRCUMSTANCES.
VII. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

VIII. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)