**UNITED STATES**

v.

**Ahmed HOWAJRAH, 409–63–5736 Seaman (E–3), U.S. Navy.**

**NMCM 92 02770.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 4 Nov. 1992.

Decided 18 July 1994.

LT William M. Schrier, JAGC, USNR, Appellate Defense Counsel.

LT Karen M. Miller, JAGC, USN, Appellate Defense Counsel.

LT Jack M. Kegelmeyer, JAGC, USNR, Appellate Government Counsel.

Maj G.W. Fischer, USMCR, Appellate Government Counsel.

Capt A. Diaz, USMC, Appellate Government Counsel.

Before REED and ORR, Senior Judges, and HAMILTON, J.

PER CURIAM:

In accordance with his pleas, the appellant was convicted by a military judge sitting alone of one specification each of fraudulent enlistment and larceny of $1,253.00 in variable housing allowances [hereinafter "VHA"], in violation respectively of Articles 83 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 921. The appellant was sentenced to 90 days' confinement, reduction to pay grade E–1, a fine of $1,253.00, and a bad-conduct discharge. The sentence was unaffected by the pretrial agreement, and the convening authority approved the sentence as adjudged. On review, the appellant alleges four assignments of error,[1] none of which has merit. *See Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). Our review of the record of trial, however, results in our questioning whether the appellant's pleas to Charge II (larceny) and its specification were provident causing us to specify the following issue:

IS THE APPELLANT'S GUILTY PLEA TO CHARGE II AND ITS SPECIFICATION PROVIDENT WHEN HE STATED HE IN FACT HAD A DEPENDENT IN EGYPT WHOM HE SUPPORTED, THE TRIAL COUNSEL REPRESENTED THAT ENTITLEMENT TO VARIABLE HOUSING ALLOWANCE [VHA] REQUIRES ONLY THAT THE RECIPIENT HAVE A DEPENDENT, AND THUS THE SUBMISSION OF A FALSE NAME FOR HIS WIFE MAY NOT HAVE BEEN A MATERIAL MISREPRESENTATION THAT RESULTED IN APPELLANT'S RECEIPT OF THE VHA AMOUNT? (Citations omitted.)

The appellant immigrated to the United States and enlisted in the U.S. Navy by assuming the identity of a roommate and by representing his roommate's alien identification number as his own. The appellant also claimed a "Tawyna L. Miller" as his spouse on his dependent enrollment and VHA application forms and received VHA payments at the with-dependents rate. During the providence inquiry the appellant revealed that he was never married to Ms. Miller, but that at the time of his enlistment he had a wife and child living in Egypt. According to the appellant, despite his wife's death sometime prior to October of 1991, he continued to send money to his sister-in-law in Egypt to care for his daughter. The $1,253.00 alleged in the specification is the sum of the VHA payments the appellant received after the death of his wife.

Based upon the appellant's statements during the providence inquiry, the military judge entered into a discourse with the trial counsel regarding the appellant's actual entitlement to receive VHA at the with-dependents rate. Record at 22–25. The military judge then focussed the inquiry upon the appellant's false representations that he was married to Ms. Miller as the basis of the larceny, but declined to inquire into any entitlement the appellant might have had to VHA based upon his support of his daughter. The inquiry proceeded as follows:

MJ: Counsel I'm still having a problem, there maybe [sic] a false claim, I'm trying to figure out how there is a larceny. And I think it depends on the regulatory structure of VHA.

TC: Yes, sir. For him to be entitled to the VHA, he would only have to prove that he does have dependents and B [sic], that they are incurring living expenses. Rank, lease, et cetera. To entitle him to him [sic] to VHA—

---

1. I. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

II. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

III. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

IV. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

MJ: I understand that. In this particular case he recovered it by misrepresenting the facts.

TC: Yes, sir.

MJ: I will accept it on that basis.

TC: Thank you, sir.

MJ: In other words we focus on what was done, not the use to which the funds so obtained were put. That is the theory on which I will proceed. Did you believe you had an [sic] lawful authority to collect $1,253.00 VHA on the basis that you were married to Tawyna Lynn Miller?

ACC: No, sir.

MJ: Pardon me. What I asked was did you think that you had a lawful reason to do this? Did you believe you had authority under the law to do this?

ACC: No, sir.

MJ: Did you know what you were doing was wrong?

ACC: Yes, sir.

MJ: Did you know you were misrepresenting the facts of your case, [sic] the United States Government?

ACC: Yes, sir.

MJ: Did you know on that basis, you were getting something that you weren't supposed to be entitled to?

ACC: Yes, sir.

Record at 24–25.

■ Before a plea of guilty can be affirmed by this Court, we must be satisfied that the military judge's inquiry of the accused established a sufficient factual basis to support each and every element of the offense. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 253 (1969); Rules for Courts–Martial (R.C.M.) 910(e), Manual for Courts–Martial (M.C.M.), United States, 1984. The inquiry must reveal not only that the accused believed he was guilty, but must establish "that the factual circumstances as revealed by the accused objectively support his plea." *United States v. Chambers,* 12 M.J. 443, 444 (C.M.A.1982) (citing *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980)). Where an accused raises matters inconsistent with his plea, it is incumbent upon the military judge to "seek explicit clarification from the accused." *United States v. Epps,* 25 M.J. 319, 321 (C.M.A. 1987).

■ The above inquiry fails to elicit a sufficient factual basis from the appellant to support his guilty plea to Charge II. The military judge did little more than establish that the appellant's receipt of VHA was predicated upon his false representations that he was married to Ms. Miller whereas he was required to elicit sufficient facts from the appellant to establish that his representations "amounted to a false pretense that enabled him to obtain" VHA allowances *"to which he would not have otherwise been entitled."* *United States v. Danley,* 21 U.S.C.M.A. 486, 45 C.M.R. 260, 263 (1972) (emphasis added); *see also United States v. Antonelli,* 35 M.J. 122 (C.M.A.1992); *United States v. Bolden,* 28 M.J. 127 (C.M.A.1989); *United States v. Bulger,* 36 M.J. 1031 (N.M.C.M.R.), *petition granted,* 38 M.J. 448 (C.M.A.1993) (convictions under Article 121 of military allowances may lie where servicemember was not entitled to such allowances under regulation).

The appellant's acknowledgement that he was not entitled to receive VHA was a legal conclusion and the judge's inquiry did not establish the facts necessary to support such a conclusion. *See United States v. Tenk,* 33 M.J. 765 (A.C.M.R.1991). The military judge was required to inquire into the circumstances of the appellant's support for his daughter in the context of the regulatory provisions regarding VHA. If the appellant were entitled to receive VHA at the with-dependent rate based upon both his housing status and the support provided to his dependent daughter, he did not commit the offense of larceny despite the fact that his receipt of VHA was predicated upon false representations. *See United States v. Carter,* 24 M.J. 280 (C.M.A.1987) (holding that if an accused intended to fulfill his enlistment at the time he received a reenlistment bonus, he was not guilty of larceny of the bonus even though he forged his commanding officer's signature to his reenlistment papers); *United States v. Mosley,* 35 M.J. 693 (N.M.C.M.R.1992) (overturning conviction under Articles 121 and 132, UCMJ, where the evidence at trial did

not reasonably exclude possibility that the accused would have received the same amount of VHA in the absence of any misrepresentations).

In this case, the government counsel conceded that the appellant was entitled to receive Basic Allowance for Quarters [BAQ] and VHA at the with-dependent rate while the appellant's actual wife was alive. The trial counsel also asserted that the appellant was still entitled to receive BAQ at the "with-dependent" rate after the death of his wife. Record at 23. According to the Joint Federal Travel Regulations (JFTR), Volume 1, Chapter 8, § U8005, "[e]ntitlement to VHA is dependent on a member's entitlement to BAQ and begins and terminates under the same conditions ..." JFTR, vol. 1 chapter 8, § U8005. If there was some basis upon which the appellant was no longer entitled to receive BAQ at the with-dependent rate and, correspondingly, VHA as trial counsel suggested, it is not apparent from the record.[2]

The findings of guilty of Charge II and its Specification are set aside and dismissed. The remaining findings of guilty are affirmed. We have reassessed the appellant's sentence in accordance with the principles of *United States v. Peoples,* 29 M.J. 426 (C.M.A. 1990) and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), and affirm only so much of the sentence as provides for 90 days' confinement, reduction to pay-grade E–1, and a bad-conduct discharge.

---

**2.** To the extent that the receipt of VHA is dependent upon evidence of actual housing expenses in excess of a servicemember's quarters allowance, the providence inquiry failed to establish any basis to support acceptance of the appellant's plea on that theory.