# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32800**

———————————

**UNITED STATES**
*Appellee*

v.

**David C. FORTUNE**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 February 2026

———————————

*Military Judge*: Matthew P. Stoffel (arraignment); Kirk W. Albertson.

*Sentence*: Sentence adjudged 30 July 2024 by SpCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 11 September 2024: Bad-conduct discharge, reduction to E-4, a fine of $22,140.81, confinement for six months if the fine is not paid by the day after receipt of the entry of judgment, and a reprimand.

*For Appellant*: Lieutenant Colonel Jarett Merk, USAF; Major Samantha M. Castanien, USAF.

*For Appellee*: Lieutenant Colonel Jenny A, Liabenow, USAF; Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Catherine D. Mumford, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MENDELSON, and KEARLEY, *Appellate Military Judges*.

Judge MENDELSON delivered the opinion of the court, in which Chief Judge JOHNSON and Judge KEARLEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MENDELSON, Judge:

A special court-martial consisting of a military judge convicted Appellant, in accordance with his pleas, of two specifications of false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 907, and one specification of larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921.[*] The military judge sentenced Appellant to a bad-conduct discharge, reduction to the grade of E-4, a fine of $22,140.81 and to serve a term of confinement for six months if the fine is not paid by the day after receipt of the entry of judgment, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant raises a single issue on appeal, which we restate as: whether Appellant's guilty plea to larceny was provident. We find no error and affirm.

## I. BACKGROUND

Appellant divorced his spouse, CF, in July of 2016. Shortly thereafter, Appellant provided a copy of his divorce decree to the Military Personnel Flight at Davis-Monthan Air Force Base (AFB), Arizona. However, Appellant did not follow up to confirm that his basic allowance for housing (BAH) had been updated from the greater with-dependent rate to the lesser without-dependent rate and "did not pay attention to [his] pay."

In June 2020, Appellant received Permanent Change of Station (PCS) orders to Kunsan Air Base (AB), Republic of Korea. While out-processing from Davis-Monthan AFB, Appellant realized his records had not been updated to reflect his divorce from CF and that, as a result, he was still receiving BAH at the with-dependent rate. Because Appellant feared he "would get in trouble" for continuing to receive BAH at the with-dependent rate after his divorce from CF, he decided his "best course of action was to take no action" to correct the error.

Shortly after his arrival at Kunsan AB, in August 2020, Appellant completed and signed forms falsely claiming CF as his spouse residing in Tucson, Arizona, for the purpose of receiving BAH and family separation allowance (FSA).

---

[*] Unless otherwise noted, references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.). Pursuant to a plea agreement, three other specifications of false official statements, in violation of Article 107, UCMJ, were withdrawn and dismissed with prejudice.

Approximately one year later, Appellant again received PCS orders, this time to report to Nellis AFB, Nevada. In July 2021, while in-processing to Nellis AFB, Appellant completed and signed forms falsely certifying CF was his spouse for purpose of receiving BAH at the with-dependent rate. Additionally, Appellant submitted a travel voucher falsely claiming that he traveled accompanied by his spouse CF from Tucson, Arizona, to Nellis AFB.

The Chief of Air Force Military Pay Policies and Procedures calculated—based on the difference between the BAH with-dependent rate and without-dependent rate, and PCS costs associated with dependent travel—that, between 5 April 2019 and 10 November 2022, Appellant received a total of $25,044.93 to which he was not entitled.

At trial, Appellant pleaded guilty to making false official statements and stealing at least $19,236.69 from the Air Force. At various times during the providence inquiry, Appellant offered additional context regarding his motives for continuing to falsely claim CF as a dependent to receive additional allowances—explaining that he "did not see the harm" because he had a son, with a different individual, for whom he paid child support:

> I did know there was a difference between Basic Allowance for Housing, BAH, for individuals with dependents and those without dependents. However, as I have a son, [ZL], who was born on October 16, 2007, and I have been paying child support on through automatic payment paycheck deductions since November 2007. I thought I was entitled to receive the BAH rate for with dependents. I knew that my son was not enrolled in [the Defense Enrollment Eligibility Reporting System (DEERS)], but as I thought, I was entitled to the dependent rate. I did not see the harm in receiving the BAH rate for dependents due to MPF [(Military Personnel Flight)], not updating my divorce from [CF].

> My son has never been enrolled in DEERS as a dependent of mine due to limited communications with his mother. While I make child support payments to his mother, [EL], through automatic deductions, [EL] has never allowed me to have a meaningful relationship with my son. I have decided, or I have tried, to get the information from [EL] to enroll my son, but I have no means of getting – but I have no means of getting in contact with her. The phone number I previously had is no longer correct, and I do not have a valid address.

> While I made attempts to get the necessary paperwork to enroll my son in DEERS, mostly to ensure he had access to health care through TRICARE, I have never been able to do so. When I

> [transferred] from Davis-Monthan Air Force Base to Kunsan Air Base in 2020, I had to complete a number of forms. While completing the forms, I was informed that if I had dependents enrolled in DEERS, I would be able to get BAH for the location at which they lived.
>
> At that exact moment, I knew that I was no longer married to [CF], but I knew I had a son that was not enrolled in DEERS. Thinking I was entitled to the BAH because of my son, who was not in DEERS, and knowing the MPF had not updated my records from the divorce[,] I made the decision to state I was still married to [CF] in order to receive the BAH pay and to prevent getting into trouble for not ensuring my records were updated previously. I knew this was a false statement, as [CF] and I have been divorced since 2016.

Later in the providence inquiry, Appellant again explained that he feared that if he did not continue to falsely claim CF as a dependent he would lose his BAH with-dependent rate because his son was not listed as a dependent in DEERS:

> When I [transferred] from Kunsan Air Base to Nellis Air Force Base in 2021, I had to complete a number of forms. While completing the forms, I was told that if I had a dependent who had [transferred], I would be entitled to pay for their move. While I did not care about the pay, in the moment I panicked, I realized that [CF] was still enrolled in DEERS as my spouse. I feared that if I did not complete the form, I would get into trouble for not updating my records previously.
>
> I was also afraid that if I did not complete the form, I would lose the BAH with dependence [sic] rate that I thought I was entitled to because she would be removed and my son was not listed as a dependent. In order to prevent myself from getting into trouble and losing a benefit I thought I was entitled to, I filled out the form and stated [CF] had moved to Henderson, Nevada with me and that we were still married.
>
> At this time, I knew that [CF] was not my spouse as we had been divorced since 2016 and I knew she did not move to Henderson with me. However, I made these statements with the intent to deceive the Air Force into believing we were still married so I would not lose the BAH rate I thought I was entitled to. And so, that I would get into – not get in trouble for failing to update my records.

When the military judge specifically inquired about the larceny offense, Appellant again referenced his son as a dependent:

> Your Honor, through the false statements I made when in-processing at Kunsan Air Base, and again when I in-processed at Nellis Air Force Base, I received at least $19,236.69, which I was not entitled to. I have learned that while I was at Kunsan Air Base, that BAH I received I was not entitled to.
>
> While I had a dependent, and I thought I was entitled to the BAH, it has come to my attention that since I did not have primary custody of my son, I was not in fact entitled to receive BAH while living in government-provided housing in Korea. Further, even if I was in fact entitled to BAH while I was at Kunsan Air Base, the way I received it for claiming [CF] as my dependent, when I was not, makes it improper.
>
> . . . .
>
> While there is a rational reasoning as to why I did what I did, I recognize that the mistake by MPF resulting in my fear and the belief I was entitled to BAH with dependents are not defenses to my actions, but are mitigating factors for consideration.

The military judge followed up with additional inquiry, establishing that Appellant knew that he was not entitled to the additional benefits:

> MJ: Do you agree that to obtain the property in the manner in which you did you misrepresented a fact intending to deceive the Air Force of the United States in parting with the property?
>
> ACC: Yes, Your Honor.
>
> MJ: Do you agree that had the United States known the truth it would not have parted with that property?
>
> ACC: Yes, Your Honor.
>
> . . . .
>
> MJ: Did the United States or the United States Air Force have a greater right to the property than you did?
>
> ACC: Yes, Your Honor.
>
> MJ: Why do you believe this?
>
> ACC: Because I was not entitled to that money due to me being divorced from [CF].

Each time the military judge asked Appellant whether he believed he had any legal justification or excuse for the offenses, Appellant consistently responded, "No."

## II. DISCUSSION

Appellant contends, for the first time on appeal, that his guilty plea to larceny was improvident because he believed that he was entitled to BAH at the with-dependent rate due to his financial support of his child.

### A. Law

#### 1. Providence Inquiry

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (citation omitted). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea -- an area in which we afford significant deference." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citation omitted). The military judge may consider both the stipulation of fact and the inquiry with the appellant when determining if the guilty plea is provident. *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citation omitted). "[W]e afford military judges significant deference on this point and we grant them substantial leeway in conducting providence inquiries." *United States v. Moratalla*, 82 M.J. 1, 3 (C.A.A.F. 2021) (citations omitted). Nonetheless, "a military judge must elicit actual facts from an accused and not merely legal conclusions." *United States v. Price*, 76 M.J. 136, 138 (C.A.A.F. 2017).

A military judge is obligated to conduct an appropriate inquiry "when a possible defense has been raised and not satisfactorily refuted because such a matter would be inconsistent with the accused's guilty plea." *United States v. Falcon*, 65 M.J. 386, 391 (C.A.A.F. 2008). "[T]he 'mere possibility' of a defense," on the other hand, "without more, does not give rise to this obligation." *Id.* (quoting *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007)). "Whether further inquiry is required as a matter of law is a contextual determination." *Shaw*, 64 M.J. at 462.

An appellant bears the "burden to demonstrate a substantial basis in law and fact for questioning the plea." *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014) (quoting *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004)). "[W]hen a plea of guilty is attacked for the first time on appeal, the facts will be viewed in the light most favorable to the [G]overnment." *United States v. Arnold*, 40 M.J. 744, 745 (A.F.C.M.R. 1994). "This court must find a substantial conflict between the plea and the accused's statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is

not sufficient." *Hines*, 73 M.J. at 124 (internal quotation marks and citation omitted).

### 2. Larceny

The offense of larceny requires that Appellant wrongfully obtained the property with the specific intent to permanently deprive or defraud the United States of the use and benefit of the property or to permanently appropriate the property for his own use. *Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), pt. IV, ¶ 64.b.(1). Obtaining property by false pretenses is "wrongful." *Id.* at ¶ 64.c.(1)(d). A false pretense is a false representation of existing fact, and it must be knowingly false in the sense that it is made without belief in its truth. *Id.* at ¶ 64.c.(1)(e).

A person who initially obtains property without a concurrent intent to steal nonetheless commits the offense of larceny "if an intent to steal is formed after the . . . obtaining and the property is wrongfully withheld with that intent." *Id.* at ¶ 64.c.(1)(f)(i). Accordingly, "once a servicemember realizes that he or she is erroneously receiving pay or allowances and forms the intent to steal that property, the servicemember has committed larceny." *United States v. Helms*, 47 M.J. 1, 3 (C.A.A.F. 1997). An accused's motive in taking the property is generally not relevant, as long as there existed an intent to steal. *MCM*, pt. IV, ¶ 64.c.(1)(f)(iii)(A).

However, "it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense." Rule for Courts-Martial 916(j)(1). Where the mistake of fact goes to an element requiring specific intent, the "mistake need only have existed in the mind of the accused." *Id.* Accordingly, "it . . . has long been recognized that an honest mistake of fact as to a [servicemember]'s entitlement or authorization to take property is a defense to a charge of larceny." *United States v. Binegar*, 55 M.J. 1, 5 (C.A.A.F. 2001) (citations omitted). "The test for determining whether an affirmative defense of mistake of fact has been raised is whether the record contains some evidence of an honest . . . mistake." *United States v. Hibbard*, 58 M.J. 71, 75 (C.A.A.F. 2003).

## B. Analysis

The gravamen of the larceny offense is that Appellant made false representations that CF was his spouse—when he knew she was not—in order to retain and continue receiving BAH at the with-dependent rate, family separation allowance, and additional travel reimbursement. For the first time on appeal, Appellant contends that the military judge abused his discretion in accepting the guilty plea to larceny because Appellant believed he was entitled to receive BAH at the with-dependent rate due to his son, which "negates the

7

wrongfulness element of larceny as a matter of law." Relatedly, Appellant argues that the providence inquiry raised a mistake of fact defense that the military judge failed to address. We disagree.

Throughout the providence inquiry, Appellant attempted to mitigate his conduct by explaining his motives—specifically, that he feared discovery of his prior receipt of unauthorized benefits and that he "saw no harm" in receiving the benefits because he financially supported a son. During the inquiry, Appellant made repeated references to his belief that he was entitled to the BAH with-dependent rate due to his son. However, Appellant also repeatedly stated during the providence inquiry that he was informed a child must be enrolled in DEERS to qualify as a dependent for purposes of the benefits and he knew that his son had never been enrolled in DEERS. Thus, Appellant believed that enrollment in DEERS was a condition precedent to receiving increased benefits based on his son and he knew that this condition was not met.

The wrongfulness element of the larceny offense is established by the use of false pretenses to obtain the additional benefits. *MCM*, pt. IV, ¶ 64.c.(1)(d). Throughout the stipulation of fact and the providence inquiry, Appellant clearly set forth the factual basis of the false pretenses—falsely claiming CF as his dependent when she was no longer his spouse. The record contains no inconsistency with respect to the false pretense used to obtain the property. Appellant explicitly stated his understanding that the wrongfulness of his actions hinged on the false statements relating to CF, telling the military judge that "even if I was in fact entitled to BAH while I was at Kunsan Air Base, the way I received it for claiming [CF] as my dependent, when I was not, makes it improper."

Alternatively, Appellant contends that the providence inquiry raised a defense of mistake of fact that the military judge failed to address. A mistake of fact as to the entitlement of the benefits can be a defense to larceny, but only if there is evidence of an *honest* mistake. *See Hibbard*, 58 M.J. at 75; *Binegar*, 55 M.J. at 5. While Appellant repeatedly stated during the providence inquiry that he "thought" he was entitled to BAH at the with-dependent rate due to his son, the record does not support that this belief was honest in light of Appellant's understanding that entitlement required DEERS enrollment and his knowledge that his son was never enrolled. In that context, each time Appellant avowed that he believed he was entitled to the benefits on the basis of his son, Appellant was contending he *should have been* entitled, not that he honestly believed that he was *in fact* entitled. Appellant's "belief" was not a statement of an honest mistake of fact, but rather a statement of mitigating circumstances that he presumably wanted the military judge to consider in assessing an appropriate sentence. Appellant made this clear by telling the military judge, "I recognize that the mistake by MPF resulting in my fear and the belief

I was entitled to BAH with dependents are not defenses to my actions, but are mitigating factors for consideration." Viewing the facts in the light most favorable to the Government, *Arnold*, 40 M.J. at 745, we find that the record as a whole does not give rise to a substantial question of whether Appellant had an honest mistake of fact. The "mere possibility" of the defense did not give rise to an obligation to conduct additional inquiry because Appellant's own statements satisfactorily refuted the notion of an honest mistake of fact. *See Falcon*, 65 M.J. at 391 (quoting *Shaw*, 64 M.J. at 462).

In support of his arguments on appeal, Appellant urges us to follow the analysis in two cases lacking precedential authority. In *United States v. Howajrah*, 40 M.J. 672 (N.M.C.M.R. 1994), our sister court found that the military judge failed to elicit a sufficient factual basis from the seaman to support his acknowledgement to the legal conclusion that he was not entitled to receive the allowances that he obtained through false pretenses, in light of the government counsel's concession that the appellant was in fact otherwise entitled to receive the allowances at issue due to the support he provided to his daughter. The court found, under these facts, the military judge was required to conduct a further inquiry because "if the appellant were entitled to receive [variable housing allowance (VHA)] at the with-dependent rate . . . , he did not commit the offense of larceny despite the fact that his receipt of VHA was predicated upon false representations." *Id.* at 674 (citations omitted).

In *United States v. Armstrong*, No. NMCCA 200400004, 2005 CCA LEXIS 402 (N.M. Ct. Crim. App. 19 Dec. 2005) (unpub. op.), the appellant—in seeking retroactive BAH at the with-dependent rate—forged an earlier date on a court order for child support because his copy of the original court order had been destroyed. In this unpublished decision, our sister court found that the evidence adduced at trial did not establish the affirmative defense of mistake of fact, as the appellant intentionally falsified the document. *Id.* at *11. However, the court found the conviction legally and factually insufficient to support that obtaining the increased allowance was wrongful because the evidence created no dispute that the appellant was in fact entitled to receive the higher BAH rate and there was no evidence that the appellant had any intent to obtain any funds in excess of those to which he was rightfully entitled. *Id.* at *15.

We are not persuaded by either case. In both cases, the court's findings were based upon unique facts that are not present in the case before us—an established entitlement to the allowances at issue. In the matter before us, Appellant's statements during the providence inquiry refuted the notion that he was otherwise entitled to receive the higher BAH rate because, in part, it required a dependent enrolled in DEERS—a condition precedent that Appellant acknowledged was not met. To the extent *Howajrah* and *Armstrong* stand for the proposition that the provision of support to a dependent, in and of itself,

entitles a servicemember to an increased housing allowance—irrespective of whether the member has taken required steps to demonstrate to the Government that support by non-fraudulent means—we find them unpersuasive.

We acknowledge that it may be prudent for a military judge to conduct further inquiry when even a mere possibility of a conflict arises during a plea inquiry to obviate such issues on appeal. But "[w]hether further inquiry is required as a matter of law is a contextual determination." *Shaw*, 64 M.J. at 464. In this case, we hold that the military judge did not abuse his discretion in not doing so.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court