**UNITED STATES, Appellee,**

v.

**Eddie L. BEAUDIN, Captain
U.S. Army, Appellant.**

No. 67,082.
CM 9000898.

U.S. Court of Military Appeals.

Argued April 7, 1992.

Decided Sept. 28, 1992.

For Appellant: *Captain Kurt J. Mayer* (argued); *Lieutenant Colonel James H. Weise, Captain Michael W. Meier, Captain James M. Heaton* (on brief).

For Appellee: *Captain Timothy W. Lucas* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Captain Glenn L. Kirschner* (on brief).

*Opinion*

SULLIVAN, Chief Judge:

In the spring of 1990, appellant was tried by a general court-martial composed of a military judge sitting alone first at Fort Polk, Louisiana, and later at Fort Leavenworth, Kansas. Contrary to his pleas, he was found guilty of attempted possession [1] of 3, 4-methylenedioxymethamphetamine (MDMA); possession and use of MDMA

---

**1.** Note that the decision below erroneously reflects conviction of attempted use of MDMA.

and of lysergic acid diethylamide; wrongful distribution of MDMA; and fraternization, in violation of Articles 80, 112a and 134, Uniform Code of Military Justice, 10 USC §§ 880, 912a, and 934, respectively. He was sentenced to dismissal, confinement for 7 years, and total forfeitures. The convening authority approved the sentence on August 1, 1990. The Court of Military Review affirmed the findings of guilty and the sentence on May 29, 1991.

On November 7, 1991, this Court granted review on the following question of law:

WHETHER THE STAFF JUDGE ADVOCATE ERRED BY ADVISING THE CONVENING AUTHORITY THAT CHARGE IV AND ITS SPECIFICATION (FRATERNIZATION) WAS NOT MULTIPLICIOUS FOR SENTENCING WITH CHARGE II AND ITS SPECIFICATIONS, THEREBY SUBSTANTIALLY MISLEADING THE CONVENING AUTHORITY.

We hold that the staff judge advocate's recommendation was erroneous but that this legal error did not substantially prejudice appellant. *See United States v. Craig*, 28 MJ 321, 324 (CMA 1989); *United States v. Flynn*, 28 MJ 218 (CMA 1989).

Appellant pleaded not guilty to but was found guilty of the following drug offenses in violation of Article 112a:

SPECIFICATION 1: In that Captain Eddie L. Beaudin, ... did, at or near New Llano, Louisiana, ... *between on or about 1 March 1989 and on or about 10 April 1989*, wrongfully possess and use some amount of 3, 4–methylenedioxymethamphetamine (MDMA), a schedule 1 controlled substance.

SPECIFICATION 2: In that Captain Eddie L. Beaudin ... did, ... at or near Leesville and New Llano, Louisiana, ... on divers occasions *between on or about 13 April 1989 and on or about 14 April 1989*, wrongfully possess and use some amount of 3, 4–methylenedioxymethamphetamine (MDMA), a schedule 1 controlled substance.

SPECIFICATION 3: In that Captain Eddie L. Beaudin ... did, ... at or near

Fort Polk, Louisiana, ... between *on or about 11 May 1989 and on or about 12 May 1989*, attempt to wrongfully possess some amount of 3, 4–methylenedioxymethamphetamine (MDMA), a schedule 1 controlled substance.

SPECIFICATION 4: In that Captain Eddie L. Beaudin ... did, ... at or near New Llano, Louisiana, ... *between on or about 14 September 1989 and on or about 31 October 1989*, wrongfully possess and use some amount of lysergic acid diethylamide (LSD).

SPECIFICATION 5: In that Captain Eddie L. Beaudin ... did, ... at or near New Llano, Louisiana, ... and at or near Alexandria, Louisiana *on or about 31 October 1989*, wrongfully possess and use some amount of 3, 4–methylenedioxymethamphetamine (MDMA), a schedule 1 controlled substance.

SPECIFICATION 6: In that Captain Eddie L. Beaudin ... did, ... at or near Alexandria, Louisiana on two occasions *in November 1989*, wrongfully distribute some amount of 3, 4–methylenedioxymethamphetamine (MDMA), a schedule 1 controlled substance to Private James P. Kimbrell, a member of the U.S. Army.

(Emphasis added.)

Also, contrary to his pleas, he was found guilty of the following offense of fraternization in violation of Article 134:

SPECIFICATION: In that Captain Eddie L. Beaudin ... did at various locations in the vicinity of Fort Polk, Louisiana, ... Leesville and New Llano, Louisiana, ... *between on or about 1 January 1989 and on or about 20 November 1989*, knowingly fraternize with Private James P. Kimbrell, an enlisted person, and other enlisted personnel on terms of military equality, by frequently socializing with Private Kimbrell and other enlisted personnel at the Night Heat Club, Leesville, Louisiana, and # 83 Jean Chapel Trailer Park, New Llano, Louisiana, ... and the Late Night Club in Alexandria, Louisiana, and various other locations in Louisiana to include Captain Beaudin's home in New Llano, Louisiana, and the Show-

case Club (now the Time Zone) in Leesville, Louisiana, during which periods of socializing,

Captain Beaudin's conduct compromised the chain of command, resulted in the appearance of partiality, and undermined good order, discipline, authority, and morale, in violation of the customs of the United States Army that officers shall not fraternize with enlisted persons on terms of military equality.

(Emphasis added.)

After announcing his findings, the military judge stated: "I'm treating Charge IV as merging with the remaining findings of guilty for sentencing purposes." No objection was made by either trial or defense counsel. The staff judge advocate made no mention of this matter in his initial post-trial recommendation. However, defense counsel, in his response to that recommendation, noted the military judge's ruling and asserted that the convening authority was being misled. The staff judge advocate responded in an addendum to his recommendation as follows:

a. Charge IV, fraternization is not multiplicious with the findings of guilty on the remaining charges adjudged by the judge. There was no error in the post-trial recommendation.

The convening authority approved the sentence as recommended by his staff judge advocate.

———

Article 60(d), UCMJ, 10 USC § 860(d) (1983), provides that the President shall prescribe by regulation the "matters" to be included in a staff judge advocate's post-trial recommendation. RCM 1106(d), Manual for Courts–Martial, United States, 1984, states:

(d) *Form and content of recommendation.*

(1) *In general. The purpose of the recommendation of the staff judge advocate or legal officer is to assist the convening authority to decide what ac-*

*tion to take on the sentence in the exercise of command prerogative.* The staff judge advocate or legal officer shall use the record of trial in the preparation of the recommendation.

(2) *Form.* The recommendation of the staff judge advocate or legal officer shall be a concise written communication.

(3) *Required contents.* Except as provided in subsection (e) of this rule, *the recommendation of the staff judge advocate or legal officer shall include concise information as to:*

(A) *The findings and sentence adjudged by the court-martial;*

(B) A summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions;

(C) A statement of the nature and duration of any pretrial restraint;

(D) If there is a pretrial agreement, a statement of any action the convening authority is obligated to take under the agreement or a statement of the reasons why the convening authority is not obligated to take specific action under the agreement; and

(E) A specific recommendation as to the action to be taken by the convening authority on the sentence.

(Emphasis added.)

In light of this Manual provision, our first inquiry in this case is whether the military judge's merger ruling was "concise information as to [t]he findings and sentence" which should be included in the staff judge advocate's recommendation. *See* RCM 1106(d)(3). We note that this type of ruling establishes the number of offenses for which an accused can be separately punished as a matter of military law. Such information is a prerequisite for understanding a sentence. *See* RCM 1003c(1)(C).[2] *See generally United States*

---

**2.** The Discussion to RCM 1003c(1)(C) states in part:

Even if each offense requires proof of an element not required to prove the other, they

*v. Baker,* 14 MJ 361, 368 (CMA 1983). In addition, it provides an appropriate framework for intelligent clemency action by the convening authority. *See* Art. 60(c)(1); RCM 1107(d). Accordingly, we conclude that information concerning such a ruling should be included in a staff judge advocate's post-trial recommendation. *See generally United States v. Clear,* 34 MJ 129 (CMA 1992).

Our next inquiry is whether the information in the post-trial recommendation provided by the staff judge advocate in appellant's case was concise and legally correct. First, his initial recommendation failed to inform the convening authority that the judge had made a binding legal ruling that these offenses merged for purposes of sentencing. *See generally United States v. Ware,* 1 MJ 282 (CMA 1976). Second, his addendum to his recommendation compounded this error by providing advice to the convening authority which in context contradicted the judge on this question of law. *See United States v. Hill,* 27 MJ 293 (CMA 1988). Finally, the staff judge advocate provided no suggestions to the convening authority for resolving the conflict presented by these differing legal conclusions. These advisory deficiencies raise unacceptable doubt in our mind as to the legal rule which the convening authority relied upon in taking his critical post-trial action in this case. *See United States v. Craig,* 28 MJ at 325.

■ Our remaining concern in this case is the probability that appellant was prejudiced by the defective statement in the staff judge advocate's recommendation. *See* Art. 59(a), UCMJ, 10 USC § 859(a); *United States v. Hill, supra* at 297. The maximum authorized confinement as determined by the military judge was 30 years. If the convening authority recomputed the maximum punishment based on the errone-

ous statement by his staff judge advocate, the maximum authorized punishment would have been 32 years. *See* para. 83e, Part IV, Manual, *supra.* Accordingly, appellant argues that if the convening authority had received the correct advice as to the lesser maximum punishment, he would have approved less than the 7 years' confinement he actually approved.

We note, however, that the military judge who made the merger ruling imposed 7 years' confinement. Moreover, this was a case involving an officer who not only repeatedly engaged in drug use but who also distributed drugs to an enlisted soldier. In view of the entire record, we are unpersuaded that a 2–year differential in the statement of the authorized punishment would have had a substantial impact on the convening authority's post-trial approval action. *Cf. United States v. Walker,* 34 MJ 264 (CMA 1992) (10–year error in advice was substantial). Accordingly, no relief is warranted. *See United States v. Flynn, supra.*

The decision of the United States Army Court of Military Review is affirmed.

Judge WISS concurs.

COX, Judge (concurring in the result):

I agree with the military judge that appellant's conviction of fraternization was not multiplicious for findings with his multiple convictions for drug possession and use. *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Further, I commend the military judge for electing to *treat* these charges as multiplicious "for sentencing purposes." Frequently, more than one discrete offense emerges from a broad factual milieu. In these cases, a question often arises con-

---

may not be separately punishable if the offenses were committed as the result of a single impulse or intent. For example, if an accused found guilty of larceny (*see* paragraph 46, Part IV) and of unlawfully opening mail matter (*see* paragraph 93, Part IV) opened the mail bag for the purpose of steal-

ing money in a letter in the bag, the offenses would not be separately punishable. Also, if there was a unity of time and the existence of a connected chain of events, the offenses may not be separately punishable, depending on all the circumstances, even if each required proof of a different element.

cerning the appropriate combined sentence limitation. *See* RCM 1003c(1)(C), Manual for Courts–Martial, United States, 1984. Absent some formal scheme for approaching this matter, such as in Chapter Three, Part D, of the United States Sentencing Commission Guidelines Manual (Nov. 1, 1991), military judges must be accorded broad discretion to compress the cumulative sentence ceiling as the interests of justice require. This the military judge did here.

Regarding the granted issue, in a perfect world I agree that the convening authority should have been told that the military judge, in fact, treated the fraternization offense as multiplicious for sentencing purposes. Of course there is little danger of actual prejudice to appellant. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). At worst, the convening authority might have been misled into thinking that the military judge should have dismissed a specification or that he failed to reduce the sentence ceiling. Therefore, thinking incorrectly that some error had occurred, the convening authority might have been tempted to grant appellant unwarranted relief. As the primary risk of the staff judge advocate's less-than-complete addendum was an unjustified windfall to appellant, appellant can hardly complain.

I concur in the sentiments expressed by Judge Gierke in his separate opinion, at 389, and I concur in the result of the lead opinion.

CRAWFORD, Judge (concurring in the result):

I agree with Judge Cox that fraternization is not multiplicious for findings with the multiple convictions for drug possession and use. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). I also agree with Judge Gierke that the congressional intent behind Article 60, Uniform Code of Military Justice, 10 USC § 860 (1983), as implemented by RCM 1106(d), Manual for Courts–Martial, United States, 1984, was to avoid encumbering the staff judge advocate's recommendation.

GIERKE, Judge (concurring in part and in the result):

While I agree with the result reached by the lead opinion, I write separately to express my view of the facts as reflected in the record as well as my view of the staff judge advocate's responsibilities in this matter. I disagree with the lead opinion that the staff judge advocate's addendum forced the convening authority to decide whether the military judge or the staff judge advocate was correct on the issue of sentence multiplicity. The convening authority was presented only with a conflict between the viewes of the staff judge advocate and defense counsel; the military judge was not mentioned. I also write to express some concern about where the Court is going with its interpretation of RCM 1106(d), Manual for Courts–Martial, United States, 1984.

In this case the staff judge advocate's initial post-trial recommendation was silent on the multiplicity issue. Pursuant to RCM 1106(d), he listed the adjudged sentence: "Dismissal, confinement for seven years, and forfeiture of all pay and allowances." After the post-trial recommendation was served in accordance with RCM 1106(f), defense counsel asserted, "The [post-trial recommendation] fails to state that Charge IV is multiplicious for sentencing purposes with all remaining findings of Guilty adjudged by the judge. (R687) This would mislead the convening authority into evaluating the sentence appropriateness based on inaccurate information." The citation to the record of trial is the only clue the convening authority had that multiplicity might have been raised at trial. Of course, the convening authority is not required or expected to review the record of trial, and there is no reason to assume that he reviewed the portion of the record cited by the defense counsel. *See* RCM 1107(b)(1) ("The convening authority is not required to review the case for legal errors or factual sufficiency."). The defense counsel did not state that the military judge had ruled on the multiplicity issue.

The staff judge advocate responded to the defense counsel's allegation of legal error by stating simply: "Charge IV, fraternization, is not multiplicious with the findings of guilty on the remaining charges adjudged by the judge. There was no error in the post-trial recommendation." Thus, the convening authority was presented only with an allegation of legal error by a defense counsel and a statement from his staff judge advocate that the allegation was without merit. The staff judge advocate's summary disposition of the defense allegations was authorized by RCM 1106(d)(4), which provides that "[a]n analysis or rationale for the staff judge advocate's statement, if any, concerning legal errors is not required."

The problem in this case is that the staff judge advocate's addendum is misleading. While the convening authority is not required to review the record, the staff judge advocate is required by Article 60(d), Uniform Code of Military Justice, 10 USC § 860(d) (1983), to "use such record in the preparation of his recommendation." Therefore, while defense counsel's mere reference to a page in the record was insufficient to alert the convening authority that the military judge had treated the offenses as multiplicious, it was sufficient to alert the staff judge advocate that his recommendation overruled the military judge *sub silentio*. The failure of the staff judge advocate to tell his convening authority that he was overruling the military judge was misleading. On that basis I agree with the majority that the staff judge advocate erred. I also agree with the majority

that any error in the staff judge advocate's treatment of the multiplicity issue was harmless.

With regard to this Court's interpretation of RCM 1106(d) in *United States v. Clear*, 34 MJ 129 (CMA 1992), as well as the lead opinion in this case, I believe we have to be mindful of the legislative history surrounding the 1983 amendment of Article 60 as implemented by RCM 1106(d). The purpose of the amendment was that "[c]ourt decisions [had] significantly encumbered the staff judge advocate's legal review," turning it into "a complex document that consumes substantial judge advocate resources, often is too lengthy to be of use to the convening authority, and ... an independent source of appellate litigation even when the underlying case is free of error." H.R.Rep. No. 549, 98th Cong., 1st Sess. 14, 18 (1983), *reprinted in* 1983 U.S.Code Cong. & Admin.News 2177, 2179, 2183. While I agree with the rationale of *Clear* that the military judge's clemency recommendation should have been included in the post-trial recommendation and, in this case, that the determination of multiplicity by the military judge should have been brought to the attention of the convening authority, we must proceed cautiously lest we unduly encumber the post-trial review by court decision, contrary to the expressed intent of Congress.

Because any error in the staff judge advocate's treatment of the multiplicity issue was harmless, Art. 59(a), UCMJ, 10 USC § 859(a), I concur in the result.