**UNITED STATES, Appellee,**

v.

**Private E1 Christopher D. LARRY, 432–29–3555, United States Army, Appellant.**

**ACMR 9300027.**

U.S. Army Court of Military Review.

6 Aug. 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Christopher W. Royer, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Richard A. Cefola, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before De GIULIO, Senior Judge and KELSEY, and MORGAN, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of conspiracy to commit larceny and housebreaking, failure to obey a lawful order, two specifications of damage to government property, larceny, housebreaking, two specifications of false swearing, and breaking restriction, in violation of Articles 81, 92, 108, 121, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 908, 921, 930, and 934 (1988) [hereinafter, UCMJ]. He was sentenced to a bad-conduct discharge, confinement for eighteen months, total forfeitures, fine of $2000.00, and to be further confined for one year if the fine is not paid. The convening authority approved the sentence.

Before this court, appellant asserts, inter alia, that the staff judge advocate's post-trial recommendation failed to inform the convening authority that the military judge found several specifications multiplicious for sentencing purposes. He requests this court return the case for a new

recommendation and action. We find the issue was waived and affirm.

Pursuant to motions by defense, the military judge consolidated two specifications alleging conspiracy into one specification, found a specification alleging damage to government property multiplicious for sentencing with the larceny specification, found the other specification alleging damage to government property multiplicious for sentencing with the specification alleging housebreaking, and found the two specifications alleging false swearing multiplicious with each other for sentencing. During the providence inquiry, the military judge, sua sponte, found the specification alleging breach of restriction multiplicious with the specification alleging failure to obey a lawful order. Finally, the military judge, sua sponte, merged for sentencing the two specifications alleging damage to government property with the larceny.

In his recommendation, the staff judge advocate informed the convening authority of the consolidation of the conspiracy specifications only. In his post trial submissions, appellant did not inform the convening authority that the staff judge advocate failed to advise him of the findings of the military judge concerning multiplicity. His submission did not address the matter.

In *United States v. Beaudin,* 35 M.J. 385 (C.M.A.1992), we believe that the United States Court of Military Appeals required that the staff judge advocate's recommendation include the military judge's merger rulings.[1] This does not free appellant and his trial defense counsel from the responsibility of presenting, during post-trial procedures, matters which may have a favorable impact upon appellant. *See United States v. Davis,* 20 M.J. 980, 982 (A.C.M.R.1985), *pet. denied* 21 M.J. 315 (C.M.A.1985). As this court stated in *United States v. Brown,* 21 M.J. 780 (A.C.M.R.1986),

> The President, in implementing Article 60(d), UCMJ, 10 U.S.C. § 860(d) (Supp.I 1983) has provided a procedure for an accused to bring to the convening author-

ity's attention any matter in the post-trial recommendations which the accused believes "to be erroneous, *inadequate* or misleading," and the accused "may comment on any other matter." (Emphasis added.) RCM 1106(f)(4). Thus, there exists no compelling reason for us to judicially create further procedures to assist the accused. The issue is simple—who must present these matters to the convening authority? The answer is simple—accused or his counsel.

*Id.* at 781.

Where neither the appellant nor his counsel make a timely comment concerning matters contained in the staff judge advocate's recommendation, later claims of an inadequate recommendation are waived. UCMJ, art. 60(d); Rule for Courts–Martial 1106(f)(6); *United States v. Martinsmith,* 37 M.J. 665 (A.C.M.R.1993); *Brown,* 21 M.J. at 781; *Davis,* 20 M.J. at 983.

■ In the case before us, neither appellant nor his counsel commented upon the staff judge advocate's recommendation concerning the military judge's multiplicity rulings after the recommendation was served on him. We hold that his failure to comment waived any later claim that the recommendation was inadequate. Even if not waived, we find the error harmless. *See Beaudin,* 35 M.J. at 388.

The remaining assertions of error to include that raised personally by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge KELSEY and Judge MORGAN concur.

---

1. Because of the several opinions of the judges in *Beaudin,* the precedential value of the case is questionable.