UNITED STATES, Appellant

v.

Steve J. RUSSETT, Lance Corporal
U.S. Marine Corps, Appellee.

No. 93–5012
CMR No. 92–1599C.

U.S. Court of Military Appeals.

Argued April 20, 1994.

Decided Aug. 23, 1994.

For the Accused: *Lieutenant Philip Sundel,* JAGC, USNR (argued); *Lieutenant Darryl G. Geary,* JAGC, USNR (on brief).

For the United States: *Lieutenant Scott A. Browne,* JAGC, USNR (argued); *Colonel T.G. Hess,* USMC, and *Commander S.A. Stallings,* JAGC, USN (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, the accused was convicted of unauthorized absence (2 specifications) and missing movement by design, pursuant to Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887, respectively. The convening authority approved the sentence of a bad-conduct discharge, 90 days' confinement (partially suspended), partial forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review held that the staff judge advocate erred in failing to inform the convening authority that the judge found the first unauthorized absence was multiplicious with the missing movement.

■ Pursuant to Article 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989),* the following

---

* That Article provides: "The Court of Military Appeals shall review the record in ... (2) all

cases reviewed by a Court of Military Review which the Judge Advocate General orders sent to

issue was certified by the Judge Advocate General of the Navy:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW CORRECTLY INTERPRETED THIS COURT'S DECISION IN *UNITED STATES V. BEAUDIN*, 35 MJ 385 (CMA 1992), AS HAVING ESTABLISHED AS A UNIFORM RULE APPLICABLE TO ALL RCM 1106 RECOMMENDATIONS, THAT THE STAFF JUDGE ADVOCATE (SJA) MUST SPECIFICALLY RECITE ANY SENTENCE MULTIPLICITY DETERMINATIONS MADE BY A TRIAL JUDGE.

We hold that the Court of Military Review erred when it held that *Beaudin* established a uniform rule that the SJA's recommendation must specifically recite any sentence multiplicity determination by a judge whether there is an objection by defense counsel.

In *Beaudin*, the SJA failed to mention in his post-trial recommendation that the military judge had found some of the offenses multiplicious for sentencing purposes. "However, defense counsel, in his response to that recommendation, noted the military judge's ruling and asserted that the convening authority was being misled." 35 MJ at 387. In response the SJA in an addendum to his recommendation stated the offenses were not multiplicious. *Id.* at 387. Two judges of the Court, in an opinion authored by Chief Judge Sullivan which was styled as an "Opinion" and not an "Opinion of the Court," concluded that the judge's multiplicity ruling was the type of concise information that "should be included in a staff judge advocate's post-trial recommendation." *Id.* at 388. However, the other three judges of the Court filed separate opinions concurring in the result which affirmed the decision of the court below. Thus, a majority of the judges of this Court declined to establish a uniform rule that RCM 1106(d)(3)(A), Manual for Courts–Martial, United States, 1984, requires that the SJA's recommendation recite the multiplicity determinations by a judge.

Both in a written motion to this Court and during oral argument, the defense asks this Court to dismiss the certified issue or summarily affirm the decision below.

To support its argument, the defense cites *United States v. Bryant*, 12 MJ 307 (CMA 1981) (summary disposition), for the proposition that the certified issue should be dismissed where the "resolution of the issue would not materially alter the situation for the accused or the Government." The defense argues that, since there would be no change in the ultimate disposition, there would be no reason for us to hear the case. However, *Bryant* is factually distinguishable because there the Acting Judge Advocate General of the United States Army did not ask whether the decision from the Court of Military Review was "correctly decided." *See also United States v. Redding*, 11 MJ 100, 115 (CMA 1981) (Fletcher, J., dissenting) (implying the Government could appeal "incorrect standard of law"). Additionally, this argument overlooks those cases where we apply the plain-error doctrine or the harmless-error doctrine. *See, e.g., United States v. Dudding*, 37 MJ 429 (CMA 1993). In those cases we may very well correct the rule set out below and not change the ultimate disposition.

"[T]his Court has over the years construed the literal wording of Article 67(b)(2) [now 67(a)(2) ] in a way which permitted some leeway to leave questions unanswered that the Judge Advocate General had certified under Article 67(b)(2)." *United States v. Redding*, 11 MJ at 113 (Everett, C.J., concurring). While this Court has failed to provide advisory opinions, *United States v. McAnally*, 10 MJ 270 (CMA 1981), and *United States v. Clay*, 10 MJ 269 (CMA 1981), it has not refused to answer certified questions which would not or did not alter the position of the parties. *United States v. Martin*, 20 MJ 227 (CMA 1985) (certified issue concerning presentencing evidence where the Court of Military Review had found the sentence appropriate notwithstanding the error, upon reassessment); *United States v. Wheaton*, 18

the Court of Military Appeals for review...." This section was formerly Article 67(b)(2), but

was redesignated in Pub.L. No. 101–189, Div. A, Title XIII, § 1301(a), 103 Stat. 1569 (1989).

MJ 159 (CMA 1984) (certified issue concerning admissibility of nonjudicial punishment); *United States v. Kuehl*, 11 MJ 126 (CMA 1981) (certified issue concerning admissibility of summary court-martial conviction).

■ As a supervisory court for the military criminal justice system, it is important for this Court to answer certified questions where decisions of this Court are being misinterpreted by appellate counsel and intermediate appellate courts. This is not an advisory opinion. The briefs demonstrate that this is a question "presented in an adversary context." *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968). The decision below calls for this Court to give concrete meaning to our decisions for the bench and bar. In fact, the duties required of SJAs "can be judicially identified and [their] breach judicially determined." *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 700, 7 L.Ed.2d 663 (1962).

■ *Beaudin* does not require that every multiplicity ruling be included in the SJA recommendation to the convening authority. As a practical matter, for an SJA to mention that the offenses were considered multiplicious for sentencing may be adverse to the interests of an accused. If a convening authority is informed that the accused has received a sentence based on the offenses being treated as multiplicious thereby limiting the maximum punishment, that convening authority may be less inclined to grant clemency. The requirement for the SJA to comment on the multiplicity question arises when the defense counsel first raises the issue as part of the defense submission to the convening authority. In effect, in *Beaudin* the SJA overruled the judge by indicating that the judge's decision concerning multiplicity was erroneous. The misinterpretation of *Beaudin* has resulted in a needless waste of resources at the post-trial and appellate level and calls out for clarification of our decision. As the concurring judges in *Beaudin* noted, the post-trial recommendation should not be encumbered with unnecessary requirements as interpreted by an intermediate appellate court. 35 MJ at 389 (Crawford, J., concur-

ring in the result; and Gierke, J., concurring in part and in the result).

The certified question is answered in the negative.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed as to result only.

Judges COX and GIERKE concur.

WISS, Judge (concurring in the result):

I am reluctant to answer the certified question under the circumstances of this case—where the Government argues that the Court of Military Review was incorrect in its analysis of the decision in *United States v. Beaudin*, 35 MJ 385 (CMA 1992), but correct in its conclusion of no prejudice, and where appellant and his counsel in this Court have taken no position at all on the certified issue because appellant has no stake in it. This is not the stuff of which sound and durable appellate decisions are made.

Nonetheless, since the majority insists on answering the certified question—and especially since, in doing so, the majority in my view overrules the legal principle that threads through the various opinions in *Beaudin*—I am constrained to voice my disagreement with that route.

I

In *Beaudin*, Chief Judge Sullivan wrote in the lead opinion that the "concise information as to ... findings and sentence adjudged by the court-martial" that is required to be included in the staff judge advocate (SJA)'s post-trial recommendation, *see* RCM 1106(d)(3)(A), Manual for Courts–Martial, United States, 1984, includes mention that the military judge held two or more offenses to be multiplicious for sentencing purposes. *See* 35 MJ at 387–88. Given the convening authority's statutory responsibility to act on the sentence adjudged at a court-martial, *see* Art. 60(c)(2), Uniform Code of Military Justice, 10 USC § 860(c)(2) (1983), and given the convening authority's broad discretion in this regard to "approve, disapprove, commute, or suspend the sentence in whole or in part," *id.*, the Chief Judge concluded, "Such infor-

mation is a prerequisite for understanding a sentence. In addition, it provides an appropriate framework for intelligent clemency action by the convening authority." 35 MJ at 387–88 (citations omitted).

I joined fully in that opinion, but our three colleagues concurred only in the result. In doing so, however, each wrote separately. Judge Cox, for instance, acknowledged: "Regarding the granted issue, in a perfect world I agree that the convening authority should have been told that the military judge, in fact, treated the fraternization offense as multiplicious for sentencing purposes." 35 MJ at 389. Both Judge Cox and Judge Crawford expressed agreement with Judge Gierke's opinion, with Judge Crawford pointedly agreeing with Judge Gierke's admonition to keep in mind "that the congressional intent behind" the 1983 amendment of Article 60 "was to avoid encumbering the staff judge advocate's recommendation." 35 MJ at 389.

Judge Gierke did, indeed, express such sentiments. He did so, however, in the context of forthrightly "agree[ing] with the rationale of [United States v.] Clear[, 34 MJ 129 (CMA 1992),] that the military judge's clemency recommendation should have been included in the post-trial recommendation and, in this case, that the determination of multiplicity by the military judge should have been brought to the attention of the convening authority . . . ." 35 MJ at 390.

Accordingly, I believe that the various opinions in Beaudin appropriately can and should have been read to reflect that all five Judges of this Court were of the view that significant actions of the military judge regarding the sentence—upon which the convening authority has a statutory obligation to act—are within the "concise information" that is to be included in the SJA's recommendation. Thus, contrary to the majority opinion here, 40 MJ at 186, I do not believe that the Court of Military Review "misinterpret[ed]" Beaudin by concluding that the SJA's responsibility arises before defense counsel first raises the issue. Chief Judge Sullivan's lead opinion there clearly placed this responsibility in the SJA's recommenda-

tion, not in the SJA's addendum in response to defense counsel's comments. 35 MJ at 388. Thus, I would answer the certified question in the affirmative: The Court of Military Review did correctly so interpret our decision in Beaudin.

II

Now, however, our three colleagues who separately concurred in the result in Beaudin apparently have changed their minds. Their only articulated rationale is the concern expressed by Judge Gierke in Beaudin, with which Judges Cox and Crawford agreed, with overly encumbering the recommendation with judicially created requirements that fly in the face of congressional intent to keep it simple.

I feel the need, here, to express my agreement with that concern. I also feel the need, though, to express my curiosity as to how my colleagues in the majority today believe that the convening authority can fulfill his statutory responsibility to elect from among the range of options available to him on the sentence if the SJA's statutorily required recommendation does not fully and accurately inform him of the critical events regarding the sentence that already are a matter of record, such as the military judge's recommendation for clemency, see United States v. Clear, supra, and the military judge's ruling on sentence multiplicity, see United States v. Beaudin, supra.

As the majority here points out, Congress believed that the staff judge advocate's post-trial review had become too encumbered with a variety of required ornaments and that the post-trial responsibility of the convening authority was too legalistically broad. 35 MJ at 390. In response, again as the majority points out, Congress stripped away most of the ornaments required in the SJA's review (and, indeed, even altered the document from a "review" to a "recommendation") and stripped away all of the convening authority's responsibilities except to act on the sentence.

While Congress did not want the recommendation to become overly encumbered, it nonetheless statutorily mandated it as a predicate to the convening authority's sole

remaining statutory obligation: to act on the sentence. In this light, I surely do not share the majority's view that information such as that required in *Clear* and *Beaudin* encumber the recommendation; rather, I view such information as the *sine qua non* of an intelligent and informed decision by the convening authority on the sentence.

SULLIVAN, Chief Judge (dissenting):

The Court of Military Review read the various opinions of the judges of this Court in *United States v. Beaudin,* 35 MJ 385 (CMA 1992), and found error in this case. It then determined such error was harmless. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). The Judge Advocate General certified the correctness of the Court of Military Review's initial decision under Article 67(a)(2), UCMJ, 10 USC § 867(a)(2)

(1989). The accused and his appellate defense counsel have taken no position on the certified issue because they contend that he has no stake in it.

In my view, the Judge Advocate General seeks an advisory opinion on a moot question. *See United States v. Bryant,* 12 MJ 307 (CMA 1981)(summary disposition); *United States v. Clay,* 10 MJ 269 (1981)(per curiam); *United States v. McAnally,* 10 MJ 270 (CMA 1981). My opinion in *United States v. Beaudin, supra,* stands as is and needs no clarification at this late date. I find no case, no controversy, and no reason why this Court of law should answer the certified question. U.S. Const. art. III, § 2; *e.g., Mills v. Green,* 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Our Court may not be an Article III Court, but it should behave as one.