GIERKE, Chief Judge
(concurring in part and dissenting in part):
The Government asks us to reinstate a finding of guilty that the lower court reversed as factually insufficient. In my view, the correct answer to this request is the same as the punch line of the old joke about the Maine farmer asked for directions to Millinoeket: You can’t get there from here. Accordingly, I respectfully dissent from the majority opinion’s resolution of the first and third specified issues. Because I believe we have no authority to act on a finding that a Court of Criminal Appeals has set aside as factually insufficient, I would not reach the certified issue or the second specified issue. I concur with the majority’s resolution of the granted issue.
I. Article 67(c)
This is a Court of limited jurisdiction. As the Supreme Court emphasized in Clinton v. Goldsmith, “CAAF’s independent statutory jurisdiction is narrowly circumscribed.”[1] We are an Article I court.[2] “Article I courts are courts of special jurisdiction created by Congress that cannot be given the plenary powers of Article III courts. The authority of the Article I court is not only circumscribed by the [Constitution, but limited as well by the powers given to it by Congress.”[3] Unless Congress has given us the authority to act, we may not do so.
Congress established our jurisdiction and powers in Article 67 of the Uniform Code of Military Justice (UCMJ).[4] Article 67(c) provides, “In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.’[5] This language conveys a clear and plain meaning: in a case where a Court of Criminal Appeals sets aside a finding on factual insufficiency grounds, rather than on legal grounds, we have no power to “act” on that finding. Such a ruling of the Court of Criminal Appeals is final.
That plain language meaning is so clear that the Army Government Appellate Division has recognized it in its brief to this Court. In its response to the third specified *250 issue, the Government acknowledges that “Consideration of the granted issue falls outside the specific terms of Article 67.” That acknowledgement — which reflects a correct reading of Article 67 — is dispositive of this case, because as an Article I court we have no power to act outside the specific terms of Article 67.[6]
As the Supreme Court has observed, “It is well established that when the statute’s language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.”[7] So the plain meaning of the Article 67(c) — that we are without power to act on a finding that a Court of Criminal Appeals has set aside as factually insufficient — should prevail.
The majority opinion acknowledges this as a possible interpretation of Article 67(c),[8] yet declines to adopt it. The majority offers two bases for rejecting what I view as the plain-meaning interpretation. First, the majority contends that Article 67(c)’s provision that this Court “shall take action only with respect to matters of law” “might be read narrowly to require this Court to take action in all certified eases with respect to matters of law.”[9] But that language appears to be a limitation on our power to act, not an express command that we take certain action. Acting with respect to a matter of fact would violate that provision; failing to act on a matter of law would not.
The majority also argues that because Article 67 “does not define the terms ‘act’ or ‘review,’ the language of the statute is ambiguous as to what is intended by a structure that would have this Court review all certified cases, but not act on certain of those cases.”[10]
I see no ambiguity. Congress clearly intended our Article 67(c) power to act on a ease to be narrower than our Article 67(a) responsibility to review certain cases. Article 67(a) provides that this Court “shall review the record in ... (2) all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to the Court of Appeals for the Armed Forces to review.”[11] Article 67(c) provides that “[i]n any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence ... as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.”[12] Congress established the authority to act as a subset of the authority to review. This Court must review the record when a Judge Advocate General certifies an issue, but the result of that review may be to say that we have no statutory authority to act. Such an interpre *251 tation is consistent with the majority’s own analysis of the terms “review” and “act.”[13]
Additionally, the majority’s own construction of Article 67(c) would not avoid this perceived ambiguity. For example, hypothesize that a Court of Criminal Appeals set aside a finding of guilty as factually insufficient and that the relevant Judge Advocate General then certified to this Court an issue expressly asking whether the evidence was factually sufficient. Under the plain meaning of Article 67(c), we would be required to “review” the record in that ease. But the majority would agree that we would have no power to “act” in that case.[14] So under either the majority’s interpretation or my interpretation, Article 67(c) requires this Court to “review all certified cases, but not act on certain of those cases.”[15] The only question that divides us is which cases fall within the latter prohibition. I believe that the plain language of Article 67(c) answers that question: we may not “act” with respect to the portion of a finding that a Court of Criminal Appeals has set aside as factually insufficient.
Because the statute’s meaning is plain, we need not — and should not — go beyond the statute’s text to interpret it. As Judge East-erbrook has written for the Seventh Circuit, “legislative history ... may be used only when there is a genuine ambiguity in the statute.”[16] But if it were proper to consult the UCMJ’s legislative history, such consultation would support the conclusion that Congress did not intend to allow this Court to act on a finding that a Court of Criminal Appeals has set aside as factually insufficient.
This meaning is reflected by the House and Senate Armed Services Committees’ reports on the draft UCMJ. Those reports are particularly significant because, as the Supreme Court has noted, a “committee report represents the considered and collective understanding of those Congressmen involved in drafting and studying proposed legislation.”[17] Both reports observed, “If the Board of Review has set aside a finding as against the weight of the evidence this decision cannot be reconsidered by the [Cjourt [of Military Appeals].”[18] The reports contrast such a ruling with one in which a board of review “has set a case aside because of the improper introduction of evidence or because of other prejudicial error.”[19] Thus, the Armed Services Committees’ analysis of Article 67(c) emphasized the basis on which the board of review ruled. If that basis was factual insufficiency, then the board of review’s ruling was final. If, on the other hand, the basis was some form of legal error, then the issue could be certified to this Court for further review. In this case, the basis of the Army Court’s ruling was factual insufficiency. So under both the plain language of the statute and the Armed Services Committees’ analysis of the statute, that ruling is final. We have no power to revive the portion of the finding that the Army Court set aside as factually insufficient.
The majority, however, finds an “ambiguity in statutory intent” and posits that it is “axiomatic that Article 67 must be interpreted in light of the overall jurisdictional concept intended by the Congress, and not through the selective narrow reading of individual sentences within the article.”[20] But concluding that Congress precluded this Court from reviving a finding that a Court of Criminal Appeals set aside as factually insufficient is not a “narrow reading” of Article 67(c); it is the plain meaning of Article 67(c). In any event, courts are supposed to read Article I courts’ jurisdictional statutes narrowly. The majority’s conceptual approach appears to violate the general principle of statutory construction that “jurisdiction of *252 courts is neither granted nor assumed by implication.”[21] That maxim is particularly apt in the case of an Article I court, whose jurisdiction “must be strictly construed.”[22]
The majority emphasizes that this Court retains the authority to determine whether a decision of a Court of Criminal Appeals is a legal or factual ruling.[23] I agree. But as the majority itself acknowledges, “the Army Court of Criminal Appeals found the evidence of rape factually insufficient and affirmed the lesser included offense of indecent assault.”[24] So this is not a case where a Comí; of Criminal Appeals ruled on a legal matter but attempted to insulate its ruling from further review by pretending that it had, instead, ruled on a factual matter. The majority has exercised this Court’s authority to distinguish legal from factual rulings by concluding that the lower court’s decision was based on factual insufficiency. This conclusion places this case outside our Article 67(c) authority to act.
In discussing the legislative history that indicates this Court retains the discretion to decide whether the lower court’s ruling was a factual or legal decision, the majority states that if we conclude “that the lower court has erroneously applied the law,” then the lower court’s “decision on the finding is not yet final.”[25] This puts the cart before the horse. Under the majority’s interpretation, we must determine the merits of the case before making what I view as the threshold decision of whether we have the power to act on the case. In this case, we still do not know whether the lower court erroneously applied the law because this Court concludes that the Army Court’s opinion is “susceptible to two interpretations, one correct in law and the other not.”[26] Additionally, the majority’s approach appears to allow the certification of almost all cases that result in a finding of factual insufficiency, because such decisions will almost invariably discuss the law and apply the law to the facts of the case. Under the majority’s approach, this Court would be required to analyze any such discussion or application of the law for legal correctness. The plain meaning interpretation of Article 67(c) is far easier to apply, because it merely calls for a determination of the basis of the lower court’s ruling rather than a far more searching analysis of whether any legal errors contributed to the ultimate ruling.
The majority ably demonstrates that its interpretation of Article 67(c) finds support in this Court’s early precedent.[27] But because this precedent’s approach conflicts with Article 67(c)’s plain meaning, I would give effect to the congressional limitation on our power. Additionally that half-century old precedent[28] was decided without the benefit of the Supreme Court’s recent emphasis on the limitations of this Court’s jurisdiction.[29]
The majority concludes its analysis of this issue by holding that “Article 67 does not preclude review of questions of law certified by Judge Advocates General where the courts of criminal appeals have set aside a finding on the ground of factual insufficiency.”[30] That holding is absolutely correct. This Court does have power to review such issues. As an Article I court, we are not bound by any Article III prohibition against “answering] certified questions which would not or did not alter the position of the par *253 ties.”[31] We have, on occasion, issued such opinions.[32] What this Court lacks is any statutory authority to act in such instances.
So this Court is free to address whether the Army Court employed a correct or incorrect constructive force standard. This Court is free to provide analysis of this question that will guide the lower court — and other military justice practitioners — in future cases. But Congress has not authorized us to act on a case like this. Accordingly, the majority exceeds its authority when it returns the case for the Army Court to clarify its holding regarding Charge II, Specification 1 — a finding on which this Court has no authority to “act”.
II. Double Jeopardy
Nor do I join in the portion of the majority opinion addressing the double jeopardy implications of reviving Charge II, Specification 1. Under the doctrine of constitutional avoidance, when “ ‘a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter.’”[33] In this case, construing Article 67(c) to deprive this Court of authority to revive Charge II, Specification 1 would avoid having to address the double jeopardy issue. Because we can — and should — adopt that construction, I would not reach the double jeopardy question.

. 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999).

. Article 141, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 941 (2000) ("There is a court of record known as the United States Court of Appeals for the Armed Forces. The court is established under article I of the Constitution.”).

. In re United Mo. Bank of Kansas City, N.A., 901 F.2d 1449, 1451-52 (8th Cir.1990) (internal citation omitted).

. 10 U.S.C. § 867 (2000).

. Id. (emphasis added).

. The Government attempts to escape from the inevitable consequences of its acknowledgement by asking this Court to exercise "general supervisory power over the administration of military justice," citing United States v. Jackson, 5 MJ. 223, 225 (C.M.A.1978). The reasoning of the Solicitor General’s brief for the United States in Clinton v. Goldsmith effectively refuted any notion that this Court has general supervisory authority beyond the scope of Article 67:
“[Sjupervisory authority” is not a basis for jurisdiction, but instead is a basis for a superi- or court to announce rules governing inferior courts, in the course of deciding cases that are within the superior court’s jurisdiction. As this Court has explained, a court’s “supervisory authority” permits the superior court in some circumstances to formulate procedural rules not specifically required by the Constitution or the Congress [...] to implement a remedy for violation of recognized rights, [...] to preserve judicial integrity [...], and [...] to deter illegal conduct. United States v. Hasting, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).
Reply Brief for Petitioners, Clinton v. Goldsmith, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999). The Supreme Court’s decision in Goldsmith echoed this view by observing that “the CAAF is not given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." 526 U.S. at 536, 119 S.Ct. 1538.

. Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (citations and internal quotation marks omitted).

. United States v. Leak, 61 MJ. at 239.

. Id. at 239.

. Id.

. 10 U.S.C. § 867(a) (2000) (emphasis added).

. 10 U.S.C. § 867(c) (2000) (emphasis added).

. See Leak, 61 M.J. at 239 n. 2.

. See id. at 241-42 n. 6.

. Id. at 239.

. Board of Trade of the City of Chicago v. S.E.C., 187 F.3d 713, 720 (7th Cir.1999).

. Zuber v. Allen, 396 U.S. 168, 186, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969).

. H. Rep. No. 81-491, at 32 (1949); S.Rep. No. 81-486, at 29 (1949).

. Id.

. Leak, 61 M.J. at 239-40.

. 3A Norman J. Singer, Statutes and Statutory Construction § 67.3 (6th ed.2003).

. Northrop Grumman Corp. v. United States, 47 Fed.Cl. 20, 40 (2000) (quoting Mega Construction Co. v. United States, 29 Fed.Cl. 396, 472 (1993)).

. Leak, 61 M.J. at 240.

. Id. at 237-38.

. Id. at 240.

. Id. at 248.

. Id. at 240-42.

. The majority also cites the more recent case of United States v. Weatherspoon, 49 M.J. 209 (C.A.A.F.1998). See Leak, 61 M.J. at 242. But in Weatherspoon, the Air Force Court of Criminal Appeals had affirmed the findings. See 49 M.J. at 210. So Weatherspoon says nothing about whether this Court may act on a finding that the Court of Criminal Appeals set aside as factually insufficient.

. See Goldsmith, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720.

. Leak, 61 M.J. at 242.

. United States v. Russett, 40 M.J. 184, 185 (1994).

. See generally id. at 185-86 (citing United States v. Martin, 20 M.J. 227 (C.M.A.1985); United States v. Wheaton, 18 MJ. 159 (C.M.A.1984); United States v. Kuehl, 11 M.J. 126 (C.M.A.1981)).

. Harris v. United States, 536 U.S. 545, 555, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (quoting United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U.S. 366, 408, 29 S.Ct. 527, 53 L.Ed. 836 (1909)).