# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Jarrid O. FAUNTLEROY
### Storekeeper Third Class (E-4), U.S. Coast Guard

### CGCMG 0292
### Docket No. 1375

### 21 May 2014

General Court-Martial convened by Commander, Personnel Service Center.  Tried at Norfolk, Virginia, on 26 June 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LT Abdul A. Guice, USCGR |
| Military Defense Counsel: | LT Randall Leonard, JAGC, USN |
| Assistant Defense Counsel: | LT Lynn A. Buchanan, USCGR |
| Appellate Defense Counsel: | CDR Ted R. Fowles, USCG |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, HAVRANEK & NORRIS
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of three specifications of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ); three specifications of larceny, in violation of Article 121, UCMJ; two specifications of fraud against the United States, in violation of Article 132, UCMJ; and one specification of obtaining services under false pretenses, in violation of Article 134, UCMJ.  The court sentenced Appellant to fifteen months confinement, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.  The Convening Authority approved the sentence, and suspended confinement in excess of 180 days in accordance with the pretrial agreement.

**United States v. Jarrid O. FAUNTLEROY, No. 1375 (C.G.Ct.Crim.App. 2014)**

Before this court, Appellant has assigned as error that he was prejudiced by the misstatement in the staff judge advocate's recommendation and the promulgating order of the findings with respect to charges III and IV. Specifically, he complains that although the court merged Charges III and IV into Charge II, the staff judge advocate's recommendation (SJAR) and the promulgating order failed to reflect the merger. We reject the assigned error, but we dismiss several specifications, and affirm the sentence.

**Facts**

Under Charge I, Appellant was charged with three specifications of dereliction of duty, by willfully failing to comply with the Simplified Acquisition Procedure Manual, COMDTINST M4200.13H, by (1) using his government purchase card to make unauthorized purchases; (2) using someone else's government purchase card to make unauthorized purchases; and (3) using "credit card convenience checks" to make unauthorized purchases. Under Charge II, he was charged with three specifications of larceny of money, military property, by (1) using his government purchase card to make unauthorized purchases; (2) using someone else's government purchase card to make unauthorized purchases; and (3) using "credit card convenience checks" to make unauthorized purchases. According to a stipulation of fact, Prosecution Exhibit 1, the specific instances of each specification under Charge I were precisely the specific instances of the respective specifications under Charge II.

Under Charge III, Specification 1, Appellant was charged with making a claim against the United States on diverse occasions by preparing credit card convenience checks "for presentation for approval or payment . . . for personal expenses, which claim was false and fraudulent . . . in that the personal expenses were unauthorized and were then known by [Appellant] to be false and fraudulent." According to the stipulation of fact, the specific instances of these credit card convenience checks were precisely the specific instances of Charge II Specification 3.

Under Charge III Specification 2, Appellant was charged with, "for the purpose of obtaining approval and payment of claims against the United States . . ., on diverse occasions . . . us[ing] a certain writing, to wit: purchase card application statements, which writing the accused

then knew contained a statement that concealed unauthorized purchases, which statement was false and fraudulent in that [Appellant] was not authorized to make such purchases, and was then known by [Appellant] to be false." According to the stipulation of fact, Appellant was required to write purchase card application statements (PCA statements) identifying and verifying each charge placed on his government purchase card, and describing the items or services purchased; he concealed his unauthorized purchases by, on diverse occasions, changing the purchase description so that his unauthorized purchases appeared to be authorized. In addition, according to the stipulation of fact, in order for each charge to be paid, the charge must be identified to a proper obligation document. According to the providence inquiry, Appellant also provided false document numbers in the PCA statements. (R. at 1365-67, 1376-78.[1])

In a single specification under Charge IV, Appellant was charged with obtaining services by false pretenses. According to the stipulation of fact, the specific instances were precisely the specific instances of credit card convenience checks of Charge II Specification 3, and several of the specific instances of government purchase card purchases of Charge II Specification 1.[2]

Appellant pleaded guilty to all charges and specifications. After a providence inquiry, the military judge accepted his pleas and found him guilty. (R. at 2085-93.) During the pre-sentencing proceedings, defense counsel asked for merger or dismissal of some of the charges on account of unreasonable multiplication of charges. (R. at 2140-60.) The military judge ruled, "Charges 3 and 4 are hereby merged into Charge 2." (R. at 2233-34.) He further ruled that the findings on Charge I would stand, but for sentencing purposes, Charge I was merged into Charge II. (R. at 2235-38.) Thus, Appellant was found guilty of three specifications each of larceny and dereliction of duty, but the maximum sentence was limited to the maximum for the larceny specifications. (R. at 2241-57.) The Report of Results of Trial states, "For Findings of fact [sic] Charge III and Charge IV were merged into Charge II."

---

[1] The transcript has line numbers rather than page numbers.
[2] Some of these specific instances were goods, not services.

**Merger of charges**

The issue raised by Appellant highlights what appears to be a widespread misunderstanding of merger and its implementation. When specifications are merged for findings because of unreasonable multiplication, the result is supposed to be a new specification containing the allegations of the merged specifications. Such details about precisely what an accused has been found guilty of should be clearly set forth in the record. *United States v. Whiteside*, 59 M.J. 903, 909 (C.G.Ct.Crim.App. 2004). For examples of merged specifications, see, *e.g., United States v. Brooks*, 64 M.J. 587, 595 (Army.Ct.Crim.App. 2006); *United States v. Hennis*, 40 M.J. 865, 870-71 (A.F.C.M.R. 1994); *United States v. Carter*, 23 M.J. 683, 686 (N.M.C.M.R. 1986). Where specifications are merged for findings, there is no implication that an accused was not found guilty of any of the specifications that were merged, in contrast to the situation where a military judge grants dismissal of one or more specifications rather than merger.[3]

We have not found any caselaw indicating that a new merged specification should be set forth when specifications are merged only for sentencing purposes. This is consistent with the fact that where there is no merger of specifications for findings purposes, the accused stands convicted of the original specifications. All merger information, including merger for sentencing purposes, is a proper subject to be included in the SJAR. *United States v. Beaudin*, 35 M.J. 385, 387-88 (C.M.A. 1992). Nevertheless, information on merger for sentencing purposes might not be required if not invoked by the defense. *United States v. Russett*, 40 M.J. 184, 186 (C.M.A. 1994).

In this case, evidently neither the military judge nor trial counsel took any action to implement the merger of Charges III and IV into Charge II by creating new specifications. Perhaps as a result the need to reflect the merger in the promulgating order was overlooked.[4]

---

[3] Any post-trial recitation of specifications merged for findings would show a conviction of only a single merged specification. *See United States v. Campbell*, 71 M.J. 19, 22 (C.A.A.F. 2012). However, presumably any merger of two specifications laid under separate articles of the UCMJ would not obviate the fact that the accused stood convicted of more than one charge.

[4] Drafting a new specification combining a specification under Article 132 with a specification under Article 121, as in this case, looks to be a daunting task; all the more so where there are three specifications under Article 121 and fewer under Article 132. The same can be said about combining a larceny of services specification under Article 134 with specifications under Article 121. In the absence of such action by the military judge and trial counsel, this

## Article 132

Preliminary to fully resolving the issue raised by Appellant, we see an obligation to look closely at Specification 1 of Charge III, Frauds against the United States. Specification 1 appears to allege that the specified credit card convenience checks were claims against the United States. We do not see them as claims against the United States but as claims against the issuer of the credit card with which they were associated. There is nothing in the stipulation of fact or the providence inquiry to change our view. Once the credit card issuer paid the checks, the credit card issuer would no doubt make a claim against the United States, but that would be a separate claim, not the one alleged in the specification. Moreover, the credit card issuer's claim would not likely be fraudulent. If the convenience checks were not claims against the United States, there is a question as to providence of the guilty plea.

The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008). The record must contain a sufficient factual basis to support the plea. Rule for Courts-Martial (R.C.M.) 910(e), Manual for Courts-Martial, United States (2012 ed.). A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea. *Inabinette*, 66 M.J. at 322.

We conclude that the plea of guilty to Charge III Specification 1 was not provident, as it is not supported by a factual basis. The military judge erred in accepting the plea of guilty to it. We will set aside that finding of guilty. We are certain the sentence would not have been less without this specification.

## Resolution of the assigned error

If defense counsel does not make a timely comment on an omission in the SJAR, the error is waived unless it is prejudicial under a plain error analysis. *United States v. Scalo*, 60

---

task falls to the convening authority and his or her SJA. Of course, the convening authority may choose to dismiss one or more specifications, thereby approving lesser findings than were rendered at trial.

M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f) and *United States v. Kho*, 54 M.J. 63, 64 (C.A.A.F. 2000)).  To establish prejudice in this context, there must be a colorable showing of possible prejudice.  *Id.* at 436-37 (quoting *Kho* and citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

Appellant complains that the merger of specifications for findings was omitted from the SJAR.  This is not strictly true, as the Results of Trial memo was attached to the SJAR as Enclosure (2).  As noted above, the Results of Trial memo did mention the merger-for-findings ruling.  Even assuming error, we find no prejudice in the abbreviated rendition of the merger information.  We see no possibility that the Convening Authority would have reduced the sentence given more information, and hence no plain error.

However, omission of merger information from the promulgating order is an error warranting correction.

### Further relief for unreasonable multiplication of charges

We are moved to consider whether the merged charges and specifications should be dismissed, rather than merged, on account of unreasonable multiplication of charges.  As already noted, the military judge merged Charges III and IV into Charge II, on account of unreasonable multiplication of charges, and also merged Charge I into Charge II for sentencing purposes.  We agree with the military judge that the array of charges constitutes unreasonable multiplication of charges.

Based upon a review of the entire record, a Court of Criminal Appeals (CCA) must determine whether the findings of guilty should be approved, and whether the sentence approved by the convening authority should be approved or whether the court should approve only a part of the sentence.  Art. 66, UCMJ.  A CCA may decline to approve what it finds to be an unreasonable multiplication of charges.  *United States v. Quiroz*, 55 M.J. 334, 339 (C.A.A.F. 2001).

The specifications under Charge II allege larceny of government funds by use of a purchase card (government credit card) and credit card convenience checks to make unauthorized purchases, which ultimately resulted in government funds being paid for these unauthorized purchases. The specification under Charge IV alleges larceny of services by wrongfully obtaining services by falsely pretending to have authority to use government funds to procure services. From the stipulation of fact, it is clear that each instance of larceny of services under Charge IV was also an instance of larceny of government funds under Charge II. The only information added by Charge IV is the fact that the instances in Charge II that were included in Charge IV were services. This fact is certainly part of the circumstances (and is proper aggravation) of the offense, but otherwise, it is incidental to the fact that the two charges put forth two theories for a single set of criminal acts.

This is as close as one can get to multiplicity without actually being multiplicity. (Government funds as the subject of larceny is a unique element of the specifications under Charge II; commercial services as the subject of larceny is a unique element of the specification under Charge IV.) While such charging in the alternative can be justified at the outset (a possibility that we do not address in this case), we consider the result here to be an unreasonable multiplication of charges that, after findings, is wholly unjustified. Accordingly, we will disapprove the findings of guilty of Charge IV and its specification.

Only slightly less unreasonable, in our view, are Charges I and III and their specifications. Charge III isolates one of the steps in Appellant's process of larceny by government purchase card: the making of false statements in connection with causing the Government to pay the purchase card issuer's claims. Charge I calls attention to the obvious fact that larceny by means of government purchase card by a servicemember who works in a purchasing office is dereliction of duty. The facts establishing these charges are proper aggravation of the larcenies; the charges were not necessary to ensure these facts could be presented to the sentencing authority. Applying *Quiroz*, these charges are not aimed at distinctly separate criminal acts; they serve only to exaggerate Appellant's criminality and increase his punitive exposure; they represent not prosecutorial abuse, but a lack of discretion, in putting forward and maintaining every imaginable specification in connection with identified criminal

behavior, cluttering the picture and obscuring the gravamen of Appellant's crimes. We believe the military judge did not go far enough when he merged the charges rather than dismissing them. We will do so now.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charges I, III and IV and their specifications are set aside, and those charges and specifications are dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty of Charge II and its specifications and the sentence, as approved below, are affirmed. The Convening Authority shall issue a new promulgating order reflecting our dismissal of Charges I, III and IV and their specifications.

Judges HAVRANEK and NORRIS concur.



For the Court,


Joseph M. Guyton
Clerk of the Court